THE PEOPLE *ex rel.* Maxwell Edgar, Appellee, *vs.* THE NATIONAL BOX COMPANY, Appellant.

*Opinion filed December 21, 1910—Rehearing denied Feb. 9, 1911.*

1. TAXES—*provision for notice contained in the proviso to section 278 of Revenue act applies to section 276.* The provision for notice to the property owner, contained in the proviso to section 278 of the Revenue act, applies to section 276, which directs that property omitted from assessment in former years shall, when discovered, be listed and assessed by the assessor; and section 276 is not, therefore, in violation of the "due process of law" provision of the constitution.

2. SAME—*notice to owner of assessment of omitted property must be given by board of review.* Since the Revenue act of 1898 came into effect the assessment of property omitted for previous years and which is required to be listed and assessed under section 276 of the Revenue act is to be made by the board of review, and such board should give the notice of such assessment which, prior to the act of 1898, it was the duty of the assessor to give to the owner of the omitted property.

3. SAME—*provision of statute exempting capital stock of certain corporations from taxation is invalid.* Clause 4 of section 1 of the Revenue act, as amended in 1905, does not attempt to clas-

sify corporations for the assessment of their capital stock by different assessing bodies, but merely declares the capital stock of some corporations shall be assessed and taxed while that of others shall not, and the attempted exception in favor of the corporations therein enumerated is in violation of the constitution, and ineffectual.

4. SAME—*board of review must assess capital stock of manufacturing corporation omitted in previous years.* The statute having prohibited the assessment by the State Board of Equalization of the capital stock of manufacturing corporations, it is the duty of the board of review to assess such capital stock where the same has been omitted from assessment in any year or number of years.

5. SAME—*tax upon capital stock of corporation is a tax upon property.* The capital stock of a corporation is subject to taxation and the tax thereon is a tax upon property.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

BARKER, CHURCH & SHEPARD, and M. W. BORDERS, (FRANK L. SHEPARD, of counsel,) for appellant.

MAXWELL EDGAR, *pro se,* (OSSIAN CAMERON, of counsel.)

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Cook county awarding a peremptory writ of *mandamus* against the board of review of that county commanding it to value and assess the capital stock of the appellant, the National Box Company, for each of the years from 1899 to 1909, inclusive. The board of review answered the petition, admitting that the appellant is a corporation organized for purely manufacturing purposes; that it was the duty of the board to value and assess the capital stock of the appellant in the years mentioned and that it had not done so. The appellant demurred to the petition, and upon its demurrer being overruled stood by it, and judgment was rendered upon the petition and answer of the board of review.

The first objection made to the judgment is, that the statute authorizing the assessment, when discovered, of any property which may have been omitted in the assessment of any year or number of years, is in violation of the constitutional requirement of due process of law because it does not provide for any notice to the owner of the property or person to be assessed. Section 276 of the Revenue act directs that if any property shall have been omitted in the assessment of any year or number of years, the same, when discovered, shall be listed and assessed by the assessor and placed on the assessment and tax books. Section 277 provides that if the tax or assessment on property liable to taxation is prevented from being collected for any year or years by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year. In neither section is mention made of any notice. Section 278 is as follows: "No such charge for tax and interest for previous years, as provided for in the preceding section, shall be made against any property prior to the date of ownership of the person owning such property at the time the liability for such omitted tax was first ascertained: *Provided,* that the owner of property, if known, assessed under this and the preceding section, shall be notified by the assessor or clerk, as the case may require."

Section 278 contains no provision for the assessment of property. It only fixes a limitation for the extension of the tax which has not been collected in previous years by reason of any erroneous proceeding or other cause, "as provided in the preceding section," (277.) The proviso then declares that "the owner of property, if known, assessed under this and the preceding section, shall be notified by the assessor or clerk as the case may require." The word "this," as here used, applies to section 277, and the word "preceding" to the section before 277,—that is, sec-

tion 276. "This" cannot refer to section 278 because it is used in the phrase "assessed under this section," while there can be no assessment under section 278, which provides for none. "This" is said in Webster's New International Dictionary to be "a demonstrative word referring particularly to what is present or near in place, time or thought, or to something just mentioned or to be mentioned." Section 277 had just been mentioned and was near in thought when this proviso was added to section. 278 and was the section referred to as "this" section. Expressing fully the idea intended to be conveyed by the proviso, section 278 would read as follows: "No such charge for tax or interest for previous years, as provided in the preceding section, shall be made against any property prior to the date of the ownership of the person owning such property at the time the liability for such omitted tax was first ascertained: *Provided,* that the owner of property, if known, assessed under the section which has just been mentioned and the preceding section, shall be notified by the assessor or clerk, as the case may require." No notice could possibly be given or required under section 278 because no person could be assessed under that section. Nor could the case, under any circumstances, require notice to be given by the assessor under section 277, because that section has nothing to do with the assessor and he has no duties to perform under it. It deals only with a tax which had been already levied and had not, for some reason, been collected. The assessor's duties arise under section 276, only, and the notice mentioned in the proviso to section 278 applies to sections 276 and 277. The assessment which before the Revenue act of 1898 would have been made under section 276 by the assessor is since that act authorized to be made by the board of review, (*People* v. *Sellars,* 179 Ill. 170; *Barkley* v. *Dale,* 213 id. 614;) and the notice required to be given by the assessor must be given by the board of review. An assessment made without notice or opportunity for hearing,

which is conclusive upon the tax-payer, would be invalid. (*Carney* v. *People,* 210 Ill. 434; *Central of Georgia Railway Co.* v. *Wright,* 207 U. S. 127.) The objection that the statute, though requiring notice, does not provide for a hearing, cannot prevail. The right to a hearing is constitutional and the statute requiring notice makes it effective.

It is contended that the. law does not require an assessment of the capital stock of the appellant, as such, but that corporations organized for purely manufacturing and mercantile purposes, or for either of such purposes, or for the mining and sale of coal, or for the improving and breeding of stock, are to be assessed only as individuals are assessed upon specific items of property, and that the assessment of the actual property of such corporations by items is all that is required.

Section 1 of the Revenue act, as amended in 1905, is as follows: "That the property named in this section shall be assessed and taxed, except so much thereof as may be, in this act exempted: First, all real and personal property in this State. Second, all moneys, credits, bonds or stocks and other investments, the shares of stock of incorporated companies and associations, and all other personal property, including property *in transitu,* to or from this State, used, held, owned or controlled by persons residing in this State. Third, the shares of capital stock of banks and banking companies doing business in this State. Fourth, the capital stock of companies and associations incorporated under the laws of this State, except companies and associations organized for purely manufacturing and mercantile purposes, or for either of such purposes, or for the mining and sale of coal, or for printing, or for the publishing of newspapers, or for the improving and breeding of stock."

Although the words "all real and personal property in this State" may be regarded as broad enough to cover all property of every character, tangible or intangible, the legislature saw fit to declare expressly that the capital stock

of companies and associations incorporated under the laws of this State shall be assessed and taxed. We have held that the capital stock of a corporation is taxable, and that a tax upon capital stock is a tax upon property. *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561; *The Hub* v. *Hanberg*, 211 id. 43.

It is insisted that the effect of the exception to the fourth clause of section 1 is to classify the corporations of the State so as to relieve those mentioned in the exception from the assessment of their capital stock, as such, though it is said that this is not an exemption, and it is sought to be justified under the recognized right of the legislature to provide by a general law, uniform as to the classes upon which it operates, for the assessment of the capital stock of different classes of corporations by different assessing bodies. But that principle does not apply here. This section does not attempt to classify corporations for the purpose of the assessment of their capital stock, but enacts that the capital stock of some corporations shall be assessed and of others shall not. The legislature recognizes, as the courts have recognized, the capital stock of corporations as property and has provided for its assessment, as it has the power to do. It has not the power, however, to exempt from the rule of equality established by section 1 of article 9 of the constitution, the property of any corporation, no matter for what purpose organized, except as authorized by section 3 of the same article. The attempted exemption of corporations of the character enumerated from the assessment of their capital stock is in violation of the constitution and is ineffectual. *Consolidated Coal Co.* v. *Miller,* 236 Ill. 149.

The statute expressly prohibits the State Board of Equalization from assessing the capital stock of corporations of the character of appellant. (Hurd's Stat. 1909, sec. 108, p. 1844.) It is the duty of the local assessor to assess all personal property not specifically required to be assessed by

the State Board of Equalization. (*Knopf* v. *Lake Street Elevated Railroad Co.* 197 Ill. 212.) It was clearly the duty of the board of review to assess the omitted property. *People* v. *Sellars, supra; Stevens* v. *Henry County,* 218 Ill. 468.

The judgment of the circuit court was right and it will be affirmed.

*Judgment affirmed.*