(No. 24611.—

HORACE G. LINDHEIMER, County Collector, *et al.* Appellants,
*vs.* ALVIN S. NELSON *et al.* Appellees.

*Opinion filed June 20, 1938—Rehearing denied October 5, 1938.*

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAM-BERG, MARSHALL V. KEARNEY, JOHN C. CONNERY, FRANCIS S. CLAMITZ, BRENDAN Q. O'BRIEN, and GERALD E. HORN-IDGE, of counsel,) for appellants.

HERBERT F. HAWKINS, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Thomas D. Nash was county treasurer of Cook county in 1934. On September 24 of that year he filed in the circuit court of Cook county, a verified complaint, under the Skarda act, against Alvin S. Nelson and others, owners of property at 6811-13 Paxton avenue, Chicago, seeking to

have himself, as county treasurer, appointed receiver of the property mentioned, for the purpose of collecting the rents and income therefrom to satisfy delinquent taxes, penalties, interest and costs then due. The Chicago City Bank and Trust Company filed an intervening petition and counter-claim, alleging that it had acquired title to the property and, among other things, alleged that the assessor of Cook county placed a valuation on the premises in question for the year 1929, which was divided as follows: Land, $7345; building, $40,731, making a total of assessed valuation of $48,076, and that such valuation and assessment was not in accordance with the law and the rules of the assessor's office and the assessment was fraudulent and invalid.

The county treasurer, county clerk and county of Cook answered the intervening petition denying the invalidity of the assessment. The circuit court held that the valuation and assessment of the building was illegal and a decree was entered enjoining the collection of the tax thereon.

There were several issues in the trial court but the only issue presented to this court is whether, under the circumstances disclosed by the evidence, the valuation of the building as of April 1, 1929, was authorized and the assessment of the tax valid. The evidence discloses that in 1928 the tract of land herein mentioned was vacant. A permit was obtained on November 21, 1928, for the construction of a five-story apartment building on the land described. On the date for the valuation of property for taxation purposes, April 1, 1929, the building had a roof, was partitioned to the third floor, but no apartments were ready for occupancy. The building was not completed until about the middle of July of that year. Water was turned on in the building for the use of the first tenant about August 1. The architect of the building estimated that about sixty per cent of the total work on the building had been performed by April 1 of that year. The evidence discloses that it was a rule of the assessor's office for the years 1928 and 1929 that no

building was assessed unless it was substantially complete on April 1, and that the county court interpreted "substantially complete" as being at least eighty-five per cent complete. If a building was not substantially complete on April 1 it was not to be taxed for that year.

Thomas J. McGovern, a witness for the intervening petitioner, who appeared in response to a *subpoena* served on the assessor of Cook county, testified that he was familiar with the records in the assessor's office; that his attention was called to the property in question; that the records of the assessor show when property is improved, when the improvement is complete and the improvement taxable; that the original property record with respect to the property described contains a notation by a field deputy in the assessor's office, stating that the improvement was completed in July, 1929. This notation was made some time subsequent to the completion of the improvement; that the property record was marked "Tax for 1930," (meaning the improvement,) but subsequently a complaint, made out by a deputy in the assessor's office, requested a checking of the building for taxation in 1929, and the record recites, "Building taxable for 1929, H.S.K.," the initials being those of a deputy assessor; that under the complaint the value of the land was reduced from $9444, assessed value, to $7345 assessed value, and $40,731, assessed value for the building, was added, making a total of $48,076, assessed value of the land and building for 1929.

It is a fair conclusion from the testimony of the witness, who was an agent of the county assessor, that the original computation of the value of the premises involved was upon the land, only, and remained of record until some time subsequent to the notation on the property record that the building was completed in July. The original property record, introduced in evidence, does not contain definite dates to show the time the entries were made thereon. It is admitted that no notice of the assessment of the land and building

was sent to the taxpayer. The intervening petitioner introduced in evidence a letter of the assessor to the attorney for the taxpayer, dated June 22, 1937, stating that the assessor had signed a recommendation to be submitted to the circuit court in the present proceeding reducing the assessed value of the property mentioned from $48,076 to $7345, (the valuation of the land as vacant,) for the year 1929. It does not appear that the recommendation was made to the court.

The only valuation of the property, shown by the records in the assessor's office as of April 1, 1929, prior to the completion of the building in July, was of the land as vacant property. It had the same valuation it had in 1928. All property subject to taxation is listed at its value on April 1 of each year. (Ill. Rev. Stat. 1937, chap. 120, par. 287, p. 2677.) The assessor "shall, between the first day of April and the first day of June in each intervening year [other than the quadrennial year] list and assess * * * all real property which shall become taxable and which is not upon the general assessment, and also make and return a list of all 'new or added buildings, structures or other improvements of any kind, the value of which shall not have been previously added to or included in the valuation of the tract or lot on which such improvements have been erected or placed, specifying the tract or lot on which each of said improvements has been erected or placed, the kind of improvement and the value which in his opinion has been added to such tract or lot by the erection thereof." (Ill. Rev. Stat. 1937, chap. 120, par. 291, p. 2678.) The year 1929 was not a year of the general assessment. The improvement in the present case had not been listed and assessed between the first day of April and the first day of June, and the building was only sixty per cent complete on April 1, 1929. In *People* v. *Marshall Field & Co.* 355 Ill. 633, cited by the State's attorney, the building was ninety per cent complete on April 1, of the year the building was taxed as complete. The case is, therefore, distinguishable from the case

here under consideration. The case of *People* v. *International Salt Co.* 233 Ill. 223, is cited by the State's attorney as an authority that no notice was required to be given the taxpayer under the foregoing section of the statute. The decision, however, is not applicable to the facts in the case here under consideration, for the property involved was listed and assessed before June 1, as the applicable statute provided. In *People* v. *White & Co.* 286 Ill. 259, cited by the State's attorney, the evidence disclosed that the work of wrecking a building was commenced in February, 1917, and the basement was vacated by tenants prior to April 1 of that year, but the building was on the land on that date and tenants were in the building at that time. It was assessed as improved on that date. There was an objection by the taxpayer that the assessment was excessive. The taxpayer obtained a certificate of error and sought a reduction of the assessment, but the certificate was not issued until after a judgment was rendered, and after the time the board of assessors or board of review was authorized to issue it, and it was held in this court that the county court erred in vacating the judgment and reducing the amount of the tax. The case is not similar to the present case. The land here had been assessed as vacant property, and stood on the records as vacant land and valued as such, as of April 1, 1929. There is nothing to show that the taxpayer had any occasion to seek a revision of the valuation of the land as it existed between April 1 and June 1, 1929. What the assessor did thereafter in assessing the building was without notice to the taxpayer, and was not done previous to June 1.

Every person has a right to be informed of the value placed upon his property by the assessor, in order that he may, if aggrieved, appeal to the board which has the power to revise and correct the assessment. (*People* v. *Sweitzer*, 339 Ill. 28.) Notice to the property owner is jurisdictional and must precede any change or re-assessment of property

after an assessment has once been made. An assessment made without notice or opportunity for hearing, which would be conclusive upon the taxpayer, would be invalid. (*People* v. *National Box Co.* 248 Ill. 141; *Carney* v. *People,* 210 id. 434.) If the taxpayer here had received notice of the assessment of the land as improved, within the time provided by statute, and there had been no previous valuation of the land for the particular year in question, then the argument of the State's attorney that the taxpayer should have applied to the board of appeals for any desired correction, would have force. Here, the assessment was made and subsequently changed without notice to the taxpayer. The circuit court was right in holding that the tax on the building was invalid, and its decree is affirmed.

*Decree affirmed.*