EXCHANGE NATIONAL BANK OF CHICAGO, Plaintiff-Appellee, *v.* P. J. CULLERTON *et al.,* Defendants-Appellants.

(No. 57248;

First District (3rd Division)—June 6, 1974.

Edward V. Hanrahan, State's Attorney, of Chicago (Vincent Bentivenga, Jr., Paul P. Biebel, Jr., and Robert M. Sarnoff, Assistant State's Attorneys, of counsel), for appellants.

Frank A. Edelman and Albert Siegel, both of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Exchange National Bank of Chicago, as trustee, filed a complaint in the chancery division of the circuit court of Cook County against defendants, County Assessor, County Board of Appeals, County Clerk, and County Treasurer and Collector, for declaratory judgment and injunctive relief as to an allegedly void and invalid increase in assessed valuation of plaintiff's real estate for the year 1970, a nonquadrennial year. Both plaintiff and defendants filed motions for summary judgment. A judgment in favor of plaintiff was entered. Defendants appeal.

Defendants originally contend that (1) plaintiff's complaint filed before the Board of Appeals constituted a general appearance; (2) the complaint waived the defects of the Assessor's notice and hearing provisions; and (3) the filing of the complaint conferred jurisdiction on the Board of Appeals to validate an increase in assessed valuation in a nonquadrennial year. Defendants, in a supplemental memorandum filed after oral arguments by leave of this court, argue that the trial court erred in not dismissing the plaintiff's complaint because of an adequate,

available remedy at law by which it could have raised the questions presented herein. We affirm. The facts follow.

On January 10, 1971, one of the beneficiaries of the above trust received notice from the Assessor that a hearing would be held on January 18, 1971, as to a proposed increase in valuation of plaintiff's described real estate in Elk Grove Township for the year 1970. Upon his arrival at the Assessor's office on the date set, counsel for plaintiff was advised that no such hearing would be held due to the unavailability of the pertinent property record cards. The Assessor had completed work on the books for Elk Grove Township prior to January 18, 1971, and transmitted them to the Board of Appeals without granting plaintiff any opportunity for a hearing on the increased valuation.

On or about March 16, 1971, plaintiff filed a real estate valuation complaint before the Board of Tax Appeals. In that document plaintiff alleged that the assessment was excessive, and in support thereof stated that "the unit price should be reduced" and "the condition factor should be corrected" as per the affidavits which it intended to file with the Board on the date of the hearing. At the hearing before the Board, plaintiff confined its argument to its motion filed at that time in which it contested the jurisdiction of the Assessor to revise an assessment in a nonquadrennial year without complying with the statutory requirements and also contested the jurisdiction of the Board to confirm such void assessment. The motion was denied and the Board upheld its jurisdiction and the action of the Assessor in increasing the assessed valuation of the property. Subsequently, plaintiff filed this action in the chancery division of the circuit court.

The relevant portion of the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 578) which empowers the Assessor to revise real estate assessments in nonquadrennial years states:

> "On any such revision by the county assessor, except where such revision is made on complaint of the owner, no assessment shall be increased without previous notice to the owner and an opportunity to be heard. * * * The assessor shall have no power to change the assessment or alter the assessment books in any other manner or for any other purpose so as to change or affect the taxes in that year, except as ordered by the board of appeals."

The authority and jurisdiction of the Board of Appeals is set forth in section 113 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 594) which provides, in pertinent part:

> "In counties containing 500,000 or more inhabitants, the board of appeals in any year shall
>
> (1) On complaint that any property is over assessed or under

assessed, or is exempt, review and order such assessment corrected;

(2) Order the county assessor to correct any mistake or error (other than mistakes or errors of judgment as to the valuation of any real or personal property) in the manner provided in Sections 122 and 124 of this Act; '* * *.''

Concerning defendants' first contention on appeal, the same question was presented to this court in *Goodfriend v. Board of Appeals* (1973), 18 Ill.App.3d 412, 305 N.E.2d 404. In that case several taxpayers in independent suits sought to enjoin the collection of real estate taxes for the reason that the assessment was void and illegal in that the Assessor had failed to provide taxpayers with proper notice and opportunity to be heard. The assessments were made in a nonquadrennial year. Taxpayers filed limited appearances before the Board of Appeals and at the hearing contested only the jurisdiction of the Board to confirm the assessments and the legality of the assessment itself. In all cases the Board confirmed the assessments. Three taxpayers filed in chancery two-count complaints, one count requesting that a writ of certiorari issue, and the other praying for injunctive relief from the collection of the taxes. Two other taxpayers, in separate suits, sought injunctive relief only. The trial court concluded that all the increased assessments were void and permanently enjoined the defendants from attempting to collect the tax. On appeal we held that:

"Notice to the property owner and an opportunity to be heard are jurisdictional; they must precede any change or reassessment. (*Lindheimer v. Nelson*, 369 Ill. 312, 316, 16 N.E.2d 734.) An assessment without notice and hearing is invalid. *People ex rel. Edgar v. National Box Co.*, 248 Ill. 141, 93 N.E. 778.

❋ ❋ ❋

The notice and hearing were jurisdictional. (*People ex rel. Rea v. Nokomis Coal Co.*, 308 Ill. 45, 50, 139 N.E. 41.) Appellant Board of Appeals could not confirm the increases in assessments in the presence of this jurisdictional defect. Under these circumstances, the complaints which [plaintiffs] filed were necessary; they did not waive any right under the Revenue Act. Therefore, by filing the complaints which only questioned the jurisdiction of appellant Board of Appeals [plaintiffs] did not waive their objection that the County Assessor had not given them notice and an opportunity to be heard before the assessed valuation of their real estate was increased in a non-quadrennial year." 18 Ill.App.3d at 424-425.

Defendants inferentially contend that in the case before us plaintiff's

original complaint before the Board of Appeals constituted an election of remedies, and plaintiff was barred from seeking equitable relief in the circuit court. They further maintain that *Goodfriend* is distinguishable on its facts in that plaintiffs there also sought relief in the form of a writ of certiorari.

We note that the plaintiff in the instant case initially filed a complaint before the Board of Appeals in which it alleged reasons why the reassessment was incorrect. In its complaint in the trial court plaintiff alleged that it filed a motion and affidavit with the Board of Appeals in which the jurisdiction of the Board and that of the Assessor was questioned, and further alleged that on March 26, 1971, the Board of Appeals approved the increased assessment and upheld the jurisdiction of the Board and the Assessor. Defendants admitted in their answer that the above motion and affidavit were filed and that the Board so certified the assessment as correct and upheld its jurisdiction and that of the Assessor to make the assessment. The only affidavit filed in support of any of the parties' respective motions for summary judgment was that of the attorney for plaintiff. In that document he alleged that "[t]he only hearing before the Board of Appeals was on the affidavit of Counsel which was heard on March 19, 1971, as to the validity of the increase and the jurisdiction of the Board to approve the increase. The motion was denied and there was no further hearing in the Board of Appeals." No affidavits to the contrary were filed by the defendants.

In *Illinois Institute of Technology v. Skinner* (1971), 49 Ill.2d 59, 63, 273 N.E.2d 371, the court held that "plaintiff did choose to pursue the statutory remedy before the board of review as to the 1967 exemption claim. In our opinion, that claim was therefore not a proper subject for equity jurisdiction, * * *." The court reversed the order of the lower court granting taxpayer an injunction on the grounds that the taxpayer, by filing a complaint with the board of review, elected to pursue his statutory remedy and therefore made that remedy exclusive. See *Illinois Central R. R. Co. v. Hodges* (1885), 113 Ill. 323; and *Owens-Illinois Glass Co. v. McKibbin* (1943), 385 Ill. 245, 52 N.E.2d 177.

■■ In *Goodfriend v. Board of Appeals, supra,* this court found that "The three taxpayers did not introduce any evidence relative to the accuracy of the assessed valuations, but insisted that the increased assessments were illegal and void because they violated the provisions of the Revenue Act of 1939." (18 Ill.App.3d at 422-423.) In the case before us, considering the motion and affidavit of plaintiff which constituted the special appearance as set forth in the pleadings in the trial court, we conclude that the special appearance of the plaintiff was equivalent, at the least, to a withdrawal of the original complaint or the grounds

stated therein. The Board of Appeals admitted that argument before the Board was limited to the special appearance. Therefore, plaintiff effectively abandoned its original complaint before the Board, and by filing and arguing its objections to the jurisdiction of both the Board of Appeals and the Assessor, did not conclusively elect to pursue its statutory remedy.

■■ In *Goodfriend, supra,* this court held that the complaints filed before the Board of Appeals were "necessary." As to those taxpayers who sought the issuance of a writ of certiorari to the Board of Appeals, the complaints before the Board were necessary. That was the only way those taxpayers could preserve a record for review by the court. However, we note that the taxpayers in *Goodfriend* who sought only injunctive relief also filed complaints contesting the jurisdiction of the Board and the Assessor. We need not determine whether the complaints filed before the Board by those taxpayers, as the one filed by the plaintiff in the instant case, were necessary. Nevertheless, we do hold that in the instant case the filing of a complaint with the Board of Appeals, wherein the jurisdiction of the Board is contested and the invalidity of the assessment is urged, does not constitute an election of remedies.

In *Illinois Institute of Technology v. Skinner, supra,* the taxpayer did not contest the invalidity of the assessment but made application to the Board, by way of complaint, for exempt status. The Board clearly had the jurisdiction to pass upon the question of exempt status in the first instance. (Ill. Rev. Stat. 1969, ch. 120, par. 594.) In the case before us, the plaintiff urged lack of jurisdiction in the Board of Appeals to confirm an allegedly void assessment. It is upon this basis that we distinguish *Skinner, supra.* As in *Goodfriend,* the Board of Appeals could not confirm the increase in assessments in the presence of this jurisdictional defect.

As to defendants' final issue, they cite and rely upon the recent decision in *Clarendon Associates v. Korzen* (1973), 56 Ill.2d 101, 306 N.E. 2d 299. At page 105, the court held that "A taxpayer need not look to the remedy at law but may seek relief by way of injunction where the tax is unauthorized by law or where it is levied upon property exempt from taxation. These two situations constitute independent grounds for equitable relief and in such cases it is not necessary that the remedy at law be inadequate. [Citations.]"

In the instant case, plaintiff specifically alleged in its complaint that the 1970 assessment (the increase in excess of the 1969 assessment) was a "fraud and is void, invalid and unlawful" for the reason that the Assessor did not grant it a hearing as contemplated by section 97 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 578), and there-

fore deprived plaintiff of due process and equal protection of the law. Such is not an allegation of overly excessive valuation amounting to constructive fraud but rather an unequivocal statement that the assessment was unauthorized by law.

■■■ Defendants maintain that the Assessor's failure to grant the plaintiff a hearing amounted to no more than an "irregularity" in the taxing process. They cite and rely upon *Bowman v. County of Lake* (1963), 29 Ill.2d 268, 276, 193 N.E.2d 833, where the court stated:

> "If, on the other hand, the taxing power is present, but has been exercised in an erroneous or irregular manner, it gives rise merely to an erroneous or irregular tax, as distinguished from a tax wholly unauthorized by law, which will not be enjoined in equity. *Ames v. Schlaeger*, 386 Ill. 160."

In the supplemental memorandum filed with this court, defendants claim that assertions of irregularities "approaching a violation of one's constitutional rights" are nevertheless irregularities. Such is not the case here. The Assessor's failure to grant a hearing does not merely "approach" a violation of the plaintiff's constitutional right to due process. Such action clearly and emphatically denies the plaintiff that right. For, as we have noted above, notice and an opportunity to be heard must precede the final assessment. (*Lindheimer v. Nelson* (1938), 369 Ill. 312, 316, 16 N.E.2d 734.) An assessment without notice and an opportunity to be heard is illegal and void. (*Goodfriend v. Board of Appeals, supra.*) The plain words of section 97 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 578) read that "*no assessment* shall be increased without previous notice to the owner and an opportunity to be heard." (Emphasis supplied.) The Assessor of Cook County therefore acted not in an irregular manner but without any statutory authority, in increasing plaintiff's assessment for the year 1970. The tax thereby imposed was unauthorized, and the trial court properly issued the injunction and declared the rights of the parties.

For the reasons stated herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, P. J., and McGLOON, J., concur.