M. S. KAPLAN COMPANY, Plaintiff-Appellee, *v.* P. J. CULLERTON, Cook County Assessor, *et al.*, Defendants-Appellants.

First District (1st Division)   No. 62859

Opinion filed May 23, 1977.—Rehearing denied June 16, 1977.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Alan L. Fulkerson, Assistant State's Attorneys, of counsel), for appellants.

William J. Harte, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, M.S. Kaplan Company, filed a complaint for injunctive relief to enjoin defendants from collecting certain real estate taxes unauthorized by law upon real property owned by plaintiff. The complaint alleged that the assessor failed to afford the plaintiff-taxpayer notice and an opportunity to be heard prior to increasing the assessed valuation on the taxpayer's property in a nonquadrennial year. After a trial, the circuit court of Cook County found that prior notice and an opportunity to be heard had not been afforded to the taxpayer, and issued the requested injunctive relief. Defendants appeal, arguing that the service by mail of an increase notice to the taxpayer pursuant to sections 97 and 314 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, pars. 578 and 795) was

sufficient to confer upon the assessor authority to increase the assessed valuation of taxpayer's property, and in the alternative, that the trial court's finding that the taxpayer did not receive a timely notice was contrary to the manifest weight of the evidence.

We affirm.

The record discloses the following pertinent facts. The president of the plaintiff-taxpayer-corporation testified at trial that on April 14, 1972, the corporation received a notice from the assessor that an increase in assessed valuation was being contemplated, and that a hearing on the matter was to have been held on April 3, 1972. He promptly contacted his cousin, an attorney, and asked him to request a hearing in the matter. The cousin testified at trial that he presented himself at the assessor's office on Monday, April 17, 1972, and on three subsequent dates to request a hearing on behalf of the plaintiff corporation, but was unable to obtain a hearing on the proposed increase in assessed valuation. An employee of the assessor's office testified that the records of his office indicate that the notice in question was prepared for mailing on March 27, 1972. He did not know, however, who actually mailed the notice, or when the notice was received by the taxpayer. At the conclusion of the trial, the court stated that it believed, based upon the evidence, that the taxpayer did not receive the increase notice until April 14, 1972. The court accordingly permanently enjoined defendants from attempting to collect any taxes based upon the illegally increased assessment, and ordered defendants to reduce the 1972 assessments to the level of the 1971 assessments. Defendants appeal.

■■ The applicable law is easily stated. Section 97 of the Revenue Act of 1939 describes the procedure to be employed by the assessor to effect an increased assessment in a nonquadrennial year:

> "In counties having a population of 1,000,000 or more inhabitants, the county assessor shall have authority annually to revise the assessment and correct the same as shall appear to him to be just, and on complaint in writing in proper form by any taxpayer, and after affording such taxpayer an opportunity to be heard thereon, he shall do so at any time before the assessment is completed and verified. On any such revision by the county assessor, except where such revision is made on complaint of the owner, *no assessment shall be increased without previous notice to the owner and an opportunity to be heard.*" (Emphasis added.) (Ill. Rev. Stat. 1971, ch. 120, par. 578.)

The assessor's failure to afford such notice and an opportunity to be heard pursuant to this section has been held to deprive the assessor of authority to increase the assessment (*Goodfriend v. Board of Appeals* (1973), 18 Ill. App. 3d 412, 305 N.E.2d 404), and that any such increase would be illegal

and void. (*Exchange National Bank v. Cullerton* (1974), 20 Ill. App. 3d 370, 314 N.E.2d 271.) The collection of such a tax unauthorized by law may be enjoined at equity. *North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, 343 N.E.2d 507.

Defendants argue that the assessor complied with the statutory provision by mailing the increase notice to the taxpayer, and that the question of receipt of the notice was immaterial to the case. Defendants claim that the assessor was authorized by section 314 of the Act to serve the notice by mail, and that the statute does not impose upon the assessor the duty to guarantee receipt of the notice.:

> "All notices in this Act required to be given shall be written or printed notices and shall be served personally upon the persons entitled to notice, or their agents, or by sending such notice by mail to the person so entitled to notice, or to his agent * * *." (Ill. Rev. Stat. 1971, ch. 120, par. 795.)

It is further argued that the notice was mailed in compliance with the statute, so that *Goodfriend* is inapplicable.

■■ In *Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1976), 40 Ill. App. 3d 869, 353 N.E.2d 253, this court considered the identical problem in the context of section 66 of the Public Utility Act, a provision for service of the Illinois Commerce Commission's orders by mail. (Ill. Rev. Stat. 1971, ch. 111 2/3, par. 70.) The Commerce Commission argued that the similar provision for service by mail, coupled with evidence of mailing, created a conclusive presumption of service. We disagreed, stating:

> " * * * [t]he legislative intent behind section 66 was to allow the Commerce Commission to inexpensively serve its orders by mail. To this end, the legislature authorized service of orders by mail and adopted the common law presumption concerning mailed letters. The common law presumption was well stated in *Winkfield v. American Continental Insurance Co.* (1969), 110 Ill. App. 2d 156, 160, 249 N.E.2d 174, 176:
>
>> 'It is generally established that the mailing of a properly stamped and properly addressed letter raises a presumption that the letter was received by the addressee. If the addressee denies the receipt of the letter then the presumption is rebutted and receipt becomes a question to be resolved by the trier of fact.'
>
> Section 66 creates a rebuttable presumption that a Commission order is served when it is properly mailed by the Commission." (40 Ill. App. 3d 869, 872, 353 N.E.2d 253, 255.)

Following *Orrway*, we hold that the statutory provision authorizing service of notices by mail contained in section 314 of the Revenue Act of

1939 creates a rebuttable presumption that the mailed notice is served when it is properly mailed. Ill. Rev. Stat. 1971, ch. 120, par. 795.

The issue now arises whether the presumption of receipt of a properly mailed letter applies in the case at bar. Defendants argue that the presumption applies and that the trial court's findings were contrary to the manifest weight of the evidence. The employee of the assessor's office who testified at trial described the customary procedure for the preparation and mailing of increase notices. When an increase notice was ready to be sent out, a notation was made in a record book in the assessor's office. There is a notation in the book for the plaintiff's increase notice, dated March 27, 1972. After the notation was made, in the usual case, the notice was placed in an envelope and stamped. The employee further testified:

> "Q: Then where does it go?
>
> A: Then the girl takes the envelope and mails it, or sends it to the mail department for mailing.
>
> Q: And it is placed in?
>
> A: For the mail department.
>
> Q: And the mail department places it in the U.S. mail?
>
> A: Yes."

He also testified that he did not personally mail the letters.

■■■ The law applicable to these facts was stated in *Lynn v. Village of West City* (1976), 36 Ill. App. 3d 561, 564, 345 N.E.2d 172, 175:

> "The mere proof of usual or customary business practice in the mailing of correspondence is not sufficient proof of mailing of a specific item. There must be proof that the practice was followed in the mailing of the particular item in question. (*Buckingham Corp. v. Ewing Liquors Co.*, 15 Ill. App. 3d 839, 305 N.E.2d 278 (1973).) Even in the event the presumption could become applicable, however, it only raises an issue of fact. (*ITT Abrasive Products Co. v. Lewis*, 12 Ill. App. 3d 83, 298 N.E.2d 242 (1973).)"

Applying the law to the facts, the defendants' evidence showed that the increase notice pertaining to plaintiff's property was prepared on March 27, 1972. The evidence does not show, however, that the increase notice was actually mailed on that date, because the proof of the usual practice in the assessor's office is insufficient to prove the date of mailing of the particular increase notice. The presumption of timely receipt of a properly addressed and properly mailed letter does not apply in the absence of some evidence that the letter was actually mailed on March 27, in sufficient time to reach the plaintiff prior to the April 3 hearing. (See *Meyer v. Krug* (1939), 298 Ill. App. 625 (abstract).) Without the presumption of timely receipt, there was no proof whatsoever that the

increase notice was received prior to April 3, only the plaintiff's evidence that it received the notice on April 14, 1972. We find that the trial court's findings of fact in this regard were not contrary to the manifest weight of the evidence.

■■ Since the defendants failed to prove that the assessor acted in accordance with section 97 of the Revenue Act of 1939 by affording plaintiff a prior notice of the increased assessment and an opportunity to be heard, we hold that the tax based upon the increased assessment is void. Accordingly, the order of the circuit court of Cook County issuing a permanent injunction in this cause is affirmed.

Order affirmed.

GOLDBERG, P. J., and BUA, J., concur.