COMMONWEALTH EDISON COMPANY, Plaintiff-Appellant, *v.* THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Second District   No. 79-601

Opinion filed July 10, 1980.

Robert S. Cushman and Thomas J. McNulty, both of Keck, Cushman, Mahin & Cate, of Chicago, for appellant.

Frederic S. Lane, David C. Jacobson, and Ralph E. Loomis, all of Sonnenschein, Carlin, Nath and Rosenthal, and William J. Scott, Attorney General, both of Chicago, and Dennis P. Ryan, State's Attorney, of Waukegan (Laurence M. Dunlap, Assistant Attorney General, and William J. Blumthal, Assistant State's Attorney, of counsel), for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

■■ This appeal, before us for the second time (see 67 Ill. App. 3d 428), essentially questions whether a letter placed in a mail bag immediately adjacent to a United States Mail Box is a deposit in the "United States Mail" as required by the statute pertaining to service of an administrative decision. We conclude, under the circumstances of this case, that it is.

Section 4 of the Administrative Review Act requires a party to file a complaint for administrative review "within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby" and further states that "a decision shall be deemed to have been served * * * when deposited in the United States mail, in a sealed envelope * * * with postage prepaid, addressed to the party affected * * *." Ill. Rev. Stat. 1977, ch. 110, par. 267.

The Illinois Property Tax Appeal Board (the Board) rendered its decisions pertaining to four parcels owned by Commonwealth Edison (Edison) on January 6, 1977. Edison's subsequent complaint for administrative review was filed February 11, 1977, and was dismissed by the trial court as untimely. There was testimony that Helen Freeman, the secretary of the Board, prepared six notices of the Board's decision on January 6, 1977. One was addressed to Commonwealth Edison Company, another to Edison's attorney of record in the case, and a third to the general counsel for Edison, concededly with proper addresses. The postage meter date affixed to each of the envelopes is January 6, 1977. The office card file system of the Board, the decision file folders, and a box containing the folders further contained Mrs. Freeman's notations that the decisions were mailed on January 6, 1977. There was evidence that the notice addressed to Edison was received by its tax department at 10:57 a.m. on January 11, 1977. There was no clear indication in the record that the respective counsel received copies of the Board's decision from the

Board although the general counsel received a copy of the decision on January 11 from Edison.

Mrs. Freeman testified that the mail clerk for the Board collected the letters from her outbox some time prior to her departure at 4:15 p.m. on January 6, 1977. Mrs. Freeman stated that she specifically recalled the decision at issue because it was a "large" decision involving a lot of money and she knew it was important to get it out.

Further proof of mailing was based upon the evidence as to the custom of collection and mailing procedures at the Board. Rex Standefer, the mail clerk on duty on January 6, testified that when he had one bag of mail or less he would routinely and customarily take the bag across the street to the mail box at 5 p.m. Becky Robbins, supervisor of mail and messenger service for the Board, testified as to the procedure routinely followed by the messenger. She stated that he would take the mail bag at the end of the day across the street to the mail box and place it right next to the mail box. She stated that this procedure had been followed throughout the time she was employed by the Board and likewise that the post office had accepted mail which was placed in the bag next to the mail box since before her employment in 1975. She further stated that no one from the post office had told her not to follow such a procedure. She said that the post office routinely picked up the bags unless there were a lot of them; in that event, they had been requested to bring the bags to the post office.

There was also testimony as to the customary practice of the postal service. Harold Henry, manager of the mail classification and service for the Springfield post office, stated that it is common for mail bags to be placed out in the street next to the collection box for pickup by the postal service, although customers are encouraged to bring mail to the main post office. He also testified that it is not against Federal law for customers to place mail next to the mail box and that people from the post office routinely pick up such mail bags. He said that if there is a large amount of mail the post office suggests that the customer send a mail clerk to stay with the mail bags until they are collected but that if a customer does not do so the post office is still obligated to collect the mail bags. He stated that a mail bag that is placed next to a mail box is under the jurisdiction of the post office by the United States Code. He also stated that the post office has no right to disapprove allowing a piece of mail to be placed in a bag near a mail box.

James Lewis, foreman of collection delivery for the Springfield post office, testified that the area surrounding the mail box is an area within the jurisdiction of the post office; that carriers are required to pick up anything in and around the mail receptacle because companies follow

that mailing practice. There was further evidence that postal regulation 144.52 entitled "Place of Mailing" provides in pertinent part:

"Metered mail * * * may be deposited in any street collection box, mail chute, receiving box, cooperative mailing rack or other place where mail is accepted which is under the jurisdiction of the post office * * *."

■■ It is well established that a mailing may be proved by evidence of an office custom together with corroborating circumstances relevant to show that the custom has been followed in the particular instance. *Commonwealth Edison Co. v. Property Tax Appeal Board* (1978), 67 Ill. App. 3d 428, 430-31; *Tabor & Co. v. Gorenz* (1976), 43 Ill. App. 3d 124, 130.

Edison's argument that the postal regulation should be interpreted to require a deposit within the mail receptacle is, in our view, unnecessarily restrictive and does not provide a realistic view of the way a modern postal system customarily functions, particularly in an urban environment. The mail bag in question was clearly intended for the delivery or receipt of mail and customarily used for that purpose within the contemplation of the applicable regulations.

The holding of the trial court that the decisions were mailed on January 6, 1977, was supported by the evidence and is not against its manifest weight. Edison's complaint for administrative review was therefore untimely sought on February 11, 1977, and the trial court properly reinstated the order of dismissal. The judgment is affirmed.

Affirmed.

WOODWARD and NASH, JJ., concur.