*In re* APPLICATION OF COOK COUNTY TREASURER AND EX-OFFICIO
COUNTY COLLECTOR.—(EDWARD J. ROSEWELL, Collector-Appellee, *v.*
LASALLE-LAKE INVESTORS, Objector-Appellant.)

First District (4th Division)    No. 80-1862

Opinion filed May 13, 1982.

Arvey, Hodes, Costello & Burman, of Chicago (Nathan M. Cohen, Eugene L. Griffin, Robert M. Sarnoff, and Glen M. Zatz, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Henry A. Hauser, Michael F. Baccash, and Penny Nathan Kahan, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

LaSalle-Lake Investors objected to the increased valuation of its property in a nonquadrennial year by the Cook County assessor on the grounds that the assessor had not afforded notice and an opportunity to be heard prior to the increase. In its order of judgment, the trial court denied the objection, finding that an increase notice had been mailed and that the assessor had afforded LaSalle-Lake notice and an opportunity to

be heard. The issue presented for review is whether the trial court erred in holding that the required statutory notice was given.

We affirm.

Section 97 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 578) (hereafter the Act) provides that an assessment increase shall not be made without notice and an opportunity to be heard. Section 314 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 795) provides that all notices shall be in writing and served personally or by mail.

In 1977, the assessed valuation of property owned by LaSalle-Lake Investors was increased from $4,960,286 to $7,295,449. At trial, Daniel A. Burke, chief of real estate operations for the Cook County assessor's office, described the procedure for handling notices of increase in non-quadrennial years. A revision sheet is sent to data processing. If an increase in the assessment occurs, a notice is generated by the computer. The tape which generates the notice also generates a microfiche which is the only record of the individual notice retained by the assessor's office. The mailing of the notice starts a 20-day appeal period in which the taxpayer may file a complaint. A second notice will be generated after the first mailing if either a complaint is filed or the assessor's office finds an error.

After the notices are produced, they are mailed in bulk by the taxpayer's assistance department. The notices are sent by ordinary mail and a record is kept of the date of the mailing and the number of items sent. Burke stated that notices of increase dated December 9, 1977, and February 8, 1978, and addressed to LaSalle-Lake Investors at 180 North LaSalle Street in Chicago, appeared on microfiche generated from a tape which also produced the notices which would be sent to the taxpayer.

Wilbert T. Wellington, supervisor of taxpayer's assistance, testified that he received increase notices from Burke. It was Wellington's responsibility to see that the notices were mailed. He identified a receipt made in the ordinary course of business of a bulk mailing of notices on December 9, 1977, and February 8, 1978. Ronald Reizner and Harry Reynolds, employees of the assessor's office, testified that they personally delivered to the post office all the notices given to them.

Howard J. Edelman testified on behalf of LaSalle-Lake Investors. Between October 1, 1977, and March 1, 1978, he had been the financial vice-president of Centre Properties, a partnership that managed and developed 180 North LaSalle Street. During that period, it was Edelman's responsibility to forward tax bills to Romanek and Golub. Edelman stated that he received no oral or written notice of a tax assessment between October 1, 1977, and March 1, 1978. He further testified that during the period, six persons were employed by Centre Properties. The name

LaSalle-Lake Investors was not on his door. He was not sure whether the name was listed in the lobby of the building.

Donna L. Chuick, property manager of Romanek and Golub, testified that she never received the notice of increase. She admitted, however, that it was not her responsibility to pay property taxes.

Van Lage Pell, who was vice-president in finance for Romanek and Golub in 1977 and 1978, testified that he did not receive notice of an increased assessment.

After closing arguments in this bench trial, the court stated:

> "The conclusion I am going to draw, based on the facts as I see them, is that the notice was, in fact, prepared and was, in fact, mailed, mailed on December 9, 1977; and why it was not received I do not know; perhaps it was a confusion as to identity on the part of the taxpayer itself, as to who was to receive them. One person testified they were on the board in the building; another testified he wasn't sure they were on the board or even on the office door, under the name that they put on the tax bills and on which the Assessor could rely for the purpose of making a mailing.
>
> I think the proofs show that the mailing was, in fact, made, here, and the objection will be denied."

The court also stated that "not everybody who could have possibly received the mail in their office was called to testify and deny it."

■■ LaSalle-Lake contends the trial court erred in holding that statutory notice was given because the trial court found that the notices of increase were never received and because the evidence of mailing was insufficient to raise a presumption of receipt. Section 97 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 578) provides that an assessment increase shall not be made without notice and an opportunity to be heard. (*Lindheimer v. Nelson* (1938), 369 Ill. 312, 16 N.E.2d 734; *Exchange National Bank v. Cullerton* (1974), 20 Ill. App. 3d 370, 314 N.E.2d 271.) Whether LaSalle-Lake was given notice of the increased assessment was a question for the trier of fact to decide. The trial judge found that notices had been prepared and were in fact mailed. Sufficient proof of mailing consists of proof that a notice was properly filled out coupled with evidence of office custom with reference to the mailing of notices and corroboration sufficient to establish that the particular custom was followed in a particular case. *Commonwealth Edison Co. v. Property Tax Appeal Board* (1980), 86 Ill. App. 3d 414, 417, 407 N.E.2d 1088, 1090; *Owl Electric Co. v. United States Fidelity & Guaranty Co.* (1971), 131 Ill. App. 2d 333, 268 N.E.2d 493.

A copy of the microfiche, which was a duplicate of the notice of increase, showed the correct name of LaSalle-Lake and the last given

address. Employees of the assessor's office testified to the customary procedure for mailing and the particular mailings on December 9, 1977, and February 8, 1978. The assessor also produced two post office receipts showing bulk mailings on the dates in issue.

■■ The findings and judgment of a trial court will not be disturbed by the reviewing court if there is any evidence in the record to support such findings. (*In re Estate of Freund* (1978), 63 Ill. App. 3d 1, 4, 379 N.E.2d 935, 937.) We have examined the record in this case and we are of the opinion that the findings of the trial court are supported by the evidence. Contrary to what LaSalle-Lake alleges, the trial court did not make a formal finding in its order of judgment that the notice was not received. At trial, the court observed that not everyone who could have received the notices was called to testify and deny receipt. We cannot say that the trial court's findings are contrary to the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI and ROMITI, JJ., concur.