COMMONWEALTH EDISON COMPANY, Plaintiff-Appellant, *v.* THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Second District No. 77-484

Opinion filed December 22, 1978.—Rehearing denied January 30, 1979.

---

[1] Justice Brown participated in this decision while assigned to the Illinois Appellate Court, First District.

Terry Moritz, of Isham, Lincoln & Beale, and Keck, Cushman, Mahin & Cate, both of Chicago, and Donald Lonchar, Jr., of Lonchar & Nordigian, of Waukegan, for appellant.

William J. Scott, Attorney General, and Sonnenschein, Carlin, Nath & Rosenthal, both of Chicago, and Dennis P. Ryan, State's Attorney, of Waukegan (Roy E. Frazier, Imelda Terrazino, and Gail A. Moreland, Assistant Attorneys General, and William Blumthal, Assistant State's Attorney, of counsel), for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The complaint of Commonwealth Edison (Edison) for administrative review of a decision of the Property Tax Appeal Board of the State of Illinois (Board) was dismissed on the pleadings based on the finding of the trial judge that the action was not commenced in the time limited by statute. (Ill. Rev. Stat. 1977, ch. 110, par. 267.) In this appeal Edison contends that the Board, Zion Park District, Zion Township and Board of Review of Lake County, defendants, failed to prove the alleged date of mailing of the decision and that administrative review was not barred; and that, in any event, the Board lacked jurisdiction to increase Edison's assessments.

Administrative Review must be sought within 35 days of the date on which "a copy of the decision sought to be reviewed was served upon the

party affected * * *." (Ill. Rev. Stat. 1977, ch. 110, par. 267.) As applicable here, there is the further provision in the same paragraph that "a decision shall be deemed to have been served * * * when deposited in the United States mail, in a sealed envelope * * * with postage prepaid, addressed to the party * * *."

The Board reached a decision increasing the assessment of the Edison-Zion Nuclear Plant property on January 6, 1977. Edison filed its complaint for administrative review on February 11, 1977, attacking both the jurisdiction of the Board and the merits of its final decision. The defendant Park District pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(e)) filed a motion to dismiss the complaint as untimely based on the affidavit of a secretary for the Board, Mrs. Helen Freeman, which stated that she "caused" copies of the decision "to be deposited in the United States mail on January 6, 1977, addressed to the persons on the note marked 'Decision mailed 1-6-77' and attached hereto which note was prepared by me on 1-6-77." The name and address of Edison was included on the attached note. Also submitted with the affidavit was a copy of an envelope, bearing a private postmark of January 6, 1977, addressed to the treasurer of Lake County, whose name was included on the note attached to the affidavit.

Edison responded with an affidavit of its supervisor of State and local taxation stating that he did not receive the decision until January 11, 1977. Also submitted was an affidavit of one Thomas E. Brannigan which stated in substance that he had called and talked to Mrs. Freeman over the phone on March 29, 1977; and that Mrs. Freeman said that she stated she "caused" copies of the decision to be deposited because she did not personally deposit the documents in the United States mail but that she placed copies of the decision in envelopes which she addressed to the parties in the case and placed them in an "out box." Brannigan's affidavit continued with the statement that he had asked Mrs. Freeman if she would be willing to sign an affidavit and that she stated that she would; but that when he mailed the affidavit to her and subsequently inquired of her why she had not returned it she said that she had referred the proffered affidavit to a member of the Property Tax Appeal Board and that he had forwarded the documents to the Attorney General's office in Springfield. No motion was made to strike this affidavit.

Subsequently the defendants' counsel produced an affidavit signed by Mrs. Freeman in which she swore that "in the usual course of business procedure" she mailed notice of the decision to Edison as well as the other parties, their attorneys and Lake County officials including the county treasurer. She further stated "all mailings were done simultaneously."

■■■ This court has held that a mailing may be proved by evidence of an office custom together with corroborating circumstances relevant to show

the custom has been followed in the particular instance. (*Taber & Co. v. Gorenz*, 43 Ill. App. 3d 124, 130 (1976).) The affidavit supplementing the motion and in opposition to it must be examined to see whether under these requirements a mailing on January 6, 1977, has been proven. If, considering the affidavits, there remains a material and genuinely disputed question of fact, evidentiary testimony must be taken. (*Chapman v. Huttenlocher*, 125 Ill. App. 2d 39, 46 (1970).) In order to summarily dispose of a case the affidavits must be viewed as substitutes for testimony taken in open court and subject to the rule that if the affidavits were the only evidence to go before a trier of fact the court would be compelled to direct a verdict in favor of the movant. *Fooden v. Board of Governors*, 48 Ill. 2d 580, 587 (1971).

■■ Mrs. Freeman's statement in her initial affidavit that she "caused" the decision of the Board properly addressed to be deposited in the United States mail on January 6 is indefinite and amounts to a conclusion proving neither that she personally mailed the document nor that mailing was in accordance with the office custom. Her statement in the second affidavit that she mailed the decision "in the usual course of business procedure" also does not comply with Supreme Court Rule 191(a) requiring that "facts admissible in evidence" which would establish a business practice be stated. (Ill. Rev. Stat. 1977, ch. 110A, par. 191(a).) Nor can we agree that the mailing was properly proved by the statements in both affidavits which offer the allegedly corroborating circumstances that all mailings were simultaneous, that the postage meter showed a mailing date of January 6 on the letter addressed to the county treasurer,[1] and the complaint of Edison contained the statement that it had been "served" with a copy of the decision on January 7, which noting the distance between Springfield and Chicago, would support a mailing on January 6.

However, the phrase that Edison was "served" on the 7th although it might be considered somewhat impeaching, is ambiguous in that it could mean that Edison was referring to a mailing date of January 7 (which undisputedly amounts to "service" under the statute) inasmuch as Edison does not admit that it received the document on the 7th. The dating on the postage meter in the Board's office offers some corroborating proof that the letter was deposited on the date it bears, but we do not find it a convincing basis for summary disposition in view of the counter-affidavits, particularly that of Brannigan.

---

[1] Edison has referred the court to postal regulation 144.47 which provides as follows:
".47 DATE OF MAILING
    .471 Dates shown in the meter postmark of any type or kind of mail shall be the actual date of deposit except when the mailing piece is deposited after the last scheduled collection of the day. When deposit is made after the last scheduled collection of the day, mailers are encouraged but not required to use the date of the next scheduled collection."

The counteraffidavit of Brannigan which was not objected to, of course, is not substantive proof that Mrs. Freeman mailed the decision on a date later than January 6. It does, however, amount to an explanation by Mrs. Freeman that when she stated she "caused" the decision to be mailed she used that term because she did not personally deposit it in the United States mail but merely placed it in an "out box" in the Board office. Brannigan's affidavit, although not admissible as evidence of what Mrs. Freeman did, complies with Supreme Court Rule 191(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 191(b)) in that it states that the material facts which ought to appear in an affidavit are known only to persons whose affidavit the affiant is unable to secure, the facts surrounding why he is unable to secure the affidavit and what he believes the affiants would say if deposed. Certainly if Mrs. Freeman were called as a witness she could be cross-examined as to what she allegedly told Brannigan and the trier of the facts would be required to assess credibility.

■ Overall, we conclude that the affidavits create issues of fact that should have been resolved at an evidentiary hearing held pursuant to the provisions of section 48.

Edison next argues that the property tax appeal board lacked jurisdiction so that whether or not the appeal under the Administrative Review Act was timely filed, the trial court could still review the jurisdictional issue. Ill. Rev. Stat. 1977, ch. 110, par. 265.

The Board, Edison argues, had no jurisdiction to increase its assessment because its authority was invoked on the appeal of Charles R. Paxton which was later voided by the Board's order. The Lake County Board of Review on March 27, 1975, after a complaint by Paxton as a private citizen, reviewed the tax assessment on several parcels of land owned by Edison, the main parcel being land commonly known as the Zion Nuclear Generating Plant. On April 4, 1975, the Lake County Board of Review reached its decision raising the assessed valuation to $65,787,950. Pursuant to the Revenue Act an appeal must have been taken within 20 days of the April 4 decision.[2] (Ill. Rev. Stat. 1973, ch. 120, par. 592.1.) Paxton filed for review on April 23, 1975, with the Property Tax Appeal Board; and at the same time the Zion Park District and two school districts filed for review on the forms used for a petition to intervene. On April 28, 1975, the attorney for the districts and Mr. Paxton was advised by the chairman of the property Tax Appeal Board that Paxton, who was not the property owner, had no right under the statute to appeal. (Ill. Rev. Stat. 1973, ch. 120, par. 592.1.) With the approval of the Board Paxton's appeal was amended on its face by adding Zion Township as a party

---

[2] The appeal was taken April 23, 1975, and is within the purview of the Revenue Act of 1939 as amended prior to the amendment effective October 1, 1975, which changed the statutory time for filing appeals from 20 to 30 days.

appellant. At the same time the Park and School Districts' petition was transferred to a form for appeal rather than for intervention. On April 24 Edison filed a petition for review of the Lake County Board's decision but one day later at the request of Edison's counsel the petition was withdrawn and the number reassigned to a different case. On May 29, 1975, Edison filed a petition to intervene in the appeal of Zion Township and Zion Park District and a motion to dismiss for lack of jurisdiction. The motion to dismiss was denied and Edison filed a special limited appearance before the Board. On January 12, 1976, Edison filed a petition for writ of mandamus in the Circuit Court of Sangamon County to compel the Board to relinquish jurisdiction. On April 14 the relief was denied and the petition dismissed with prejudice. Edison's appeal of that order was dismissed by the Appellate Court for the Fourth District as being moot because the administrative decision of the Board had been rendered in the interim. Edison's petition for leave to appeal to the Illinois Supreme Court was denied.

On January 6, 1977, the Board had reached its decision again increasing the assessment on the Edison property; Edison filed for administrative review in the Circuit Court of Lake County on February 11, 1977. The circuit court found for the defendants both on the issue of timeliness and jurisdiction and dismissed Edison's complaint, resulting in this appeal.

Edison reasons that although the Zion Park District and the Zion Township were entitled to ask for review, the documents that they filed within the 20 days were not appeals but were, as entitled, "request[s] to intervene"; and thus when the 20-day period had run from when the Lake County Board of Review made its decision no valid appeal had been taken and all further proceedings could result only in void orders. We do not agree.

■ It is agreed that as a general rule a void order entered by an administrative agency may be attacked at any time either collaterally or directly. (*City of Chicago v. Fair Employment Practices Com.*, 65 Ill. 2d 108, 112 (1976).) However, we agree with the circuit judge that the orders of the Board were not void and that the Board properly acquired jurisdiction of the parties and the subject matter of the appeal from the Lake County Board of Review.

Section 111.2 of the Revenue Code directs the Board to "establish by rules an informal procedure for the determination of the correct assessment of property which is the subject of an appeal"; and further provides that the procedure "to the extent that the Board considers practicable, shall eliminate formal rules of pleading, practice and evidence * * *." (Ill. Rev. Stat. 1977, ch. 120, par. 592.2).) Pursuant to this direction the Board has promulgated rules which allow a petition for the

review improperly filed to be amended within 20 days of the improper filing. (Rules of the Property Tax Appeal Board No. 3D.) We do not agree with Edison's argument that changing the form of petition from the petition to intervene to a petition for appeal or the modification on the face of the Paxton appeal adding Zion Township is beyond the statutory authority and contravenes the provision in section 111.1. This at the time in question required the appeal to be filed within 20 days after the date of written notice of the decision of the Lake County Board of Review.

Although an administrative body has no common law powers and must act according to the authority delegated by the legislature not all authority need be expressed but may be implied from the provisions of the enabling statute. (*Fahey v. Cook County Police Department Merit Board,* 21 Ill. App. 3d 579, 583 (1974); *Lenard v. Board of Education,* 57 Ill. App. 3d 853, 863 (1978).) In administrative proceedings form should not control over substance. (See *Security Savings & Loan Association v. Griffin,* 56 Ill. App. 3d 903, 908-09 (1978).) Here the petition was timely filed initially although by an improper party and the petitions of the Park District and School Districts were filed timely but on the wrong form. The appeals were therefore changed as to form but not in substance, and in accordance with a rule and practice of the Board that petitions improperly filed as to form be returned to the parties to be amended within a 20 day period. It may also be noted that as in *Security Savings & Loan Association v. Griffin,* Edison took advantage of the informal procedures before the Board of Tax Appeal by first submitting an appeal and then at its own request having the file removed and the number reassigned.

■■ The defendants have also argued that Edison is barred by the doctrine of collateral estoppel from relitigating the question of the Board's jurisdiction because of the Sangamon County proceedings. The record before us is insufficient to apply the doctrine in our view. Collateral estoppel may only be used where there is an identity of issues. (*Hoffman v. Hoffman,* 330 Ill. 413, 417-18 (1928).) The motion which the trial court in Sangamon County granted has not been made a part of the record and without the motion we find it impossible to determine whether the issue of the appeal board's jurisdiction was determined or whether the complaint was dismissed on some other ground.

In any event, we conclude that the Property Tax Appeal Board properly had jurisdiction over the appeal. However, for the reasons previously stated, we reverse the order of the trial court which dismissed plaintiff's action for review of the administrative decision and remand the cause with directions to the trial court to vacate its order of dismissal and to proceed with an evidentiary hearing as to the mailing in accordance with section 48 of the Civil Practice Act. In the event that the evidence

shows that the appeal from the administrative decision was untimely sought the trial court will reinstate the order of dismissal. If it is found that the appeal was timely the court will then proceed to review the merits.

Reversed and remanded with directions.

WOODWARD and NASH, JJ., concur.