FELICITAS CAMARILLO, Plaintiff-Appellant, v. THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—2798

Opinion filed December 10, 1984.

Loyola University Community Law Center, of Chicago (Susan Burzawa, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Chicago (Paul P. Biebel, Assistant Attorney General, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Felicitas Camarillo, brought this action for administrative review seeking to reverse a decision by the defendant Board of Review of the Department of Labor (Board), which denied her unemployment insurance benefits. The trial court affirmed the Board's decision and entered judgment in its favor on October 19, 1983. Plaintiff now appeals.

Plaintiff worked for Saga Food Services (Saga) from August 14, 1978, until December 11, 1980. During her employment with Saga, she performed a variety of food preparation duties, and during the final six months of her employment, worked preparing salads. On December 10, 1980, plaintiff was assigned to the dishroom for 40 minutes per day, in between her salad-making duties. She objected to the change in job duties and quit her job that same day.

Plaintiff filed a claim for unemployment insurance benefits and was determined eligible on May 18, 1981. The determination by the adjudicator stated that plaintiff's reason for leaving was for good cause and attributable to her employer. It is undisputed that Saga received notice of this determination, and that, pursuant to section 800 of the Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 470), the appeal period for Saga expired on June 17, 1981. The record contains only a memo dated June 22, 1981, filed on Saga's behalf by Rosalind Mason, an employee of Saga's representative, Gates, McDonald & Co. (Gates), which refers to an attached "original appeal letter" dated June 17, 1981, also written by Mason, in which plaintiff's social security number was allegedly incorrectly stated. Each of these documents is stamped "received" on June 26, 1981, by the home office of the Department of Labor's Division of Unemployment Insurance. Accompanying the documents is Gates' mailing envelope postmarked June 22, 1981. The record also contains a notice of reconsideration and appeal completed by the Department of Labor, which cites the date of filing of Saga's appeal as June 22, 1981.

A hearing on the matter of Saga's appeal was held on July 16, 1981, at which time the referee stated that the issues before him were the timeliness of the appeal and plaintiff's involuntary leaving. Present at the hearing were Christian Mets, a representative of Gates, Judy Plate, plaintiff's direct supervisor, plaintiff and plaintiff's husband.

Mets was questioned first as to the timeliness issue. He stated that he was not aware that the Gates appeal envelope contained in the record was postmarked on June 22. He then testified generally as to the usual mailing procedures at Gates. In response to questioning as to company policy for mailing letters postmarked on a particular day, Mets stated only that he "believed" it was the policy to mail such letters on that same day. He admitted, however, that it was possible for a letter dated one particular day to be mailed the next day. The record contains no evidence of Mets' position or job duties at Gates, nor does it contain any basis for his testimony as to Gates' mailing procedures. At no time did Mets even suggest that he was in any way involved in the handling of correspondence at Gates or that he had any basis for

familiarity with the appeal letter in question.

Plaintiff and her supervisor were then questioned as to the conditions which preceded plaintiff's leaving her job with Saga. Plaintiff testified that she had left once previously due to multiple job pressures and her inability to take breaks or lunches, and had returned based on representations that her working conditions would improve. Plate testified that plaintiff's newly assigned dishroom duties were actually intended to ease plaintiff's workload. At the conclusion of the hearing, the referee set aside the adjudicator's determination and concluded that plaintiff had failed to show that the work duties assigned to her were unsuitable, and that she therefore left without good cause attributable to the employer.

Plaintiff made a timely appeal to the Board, claiming that Saga's appeal to the referee was not timely and that she did not receive a fair hearing. The Board summarily adopted the findings of fact and decision of the referee. Plaintiff then instituted this action for administrative review. Oral arguments were heard and on October 19, 1983, the circuit court affirmed the decision of the Board.

On appeal, plaintiff again raises as issues the timeliness of Saga's appeal and the denial of her right to a fair hearing. We find that the record lacks substantial evidence to support the referee's determination that Saga's appeal was timely filed, and we therefore reverse.

■■ The Illinois Unemployment Insurance Act provides that "[u]nless the claimant or any other party entitled to notice of the claims adjudicator's 'finding' or 'determination' *** within 30 calendar days after such notification was mailed to his last known address, files an appeal therefrom, such 'finding' or 'determination' shall be final as to all parties given notice thereof." (Ill. Rev. Stat. 1981, ch. 48, par. 470.) This paragraph, which sets forth the time limitations for appeals, is mandatory rather than directory. *Hernandez v. Department of Labor* (1981), 83 Ill. 2d 512, 517, 416 N.E.2d 263.

■ Defendant argues that the hearings referee, because he decided the merits of plaintiff's claims, was undoubtedly satisfied that the appeal was timely and that such actions by the hearings referee constituted findings of fact by an administrative agency which are to be taken as *prima facie* true and correct. Although defendant's assertion has a certain surface appeal, we overturn those "findings of fact" on administrative review because we find that they lack substantial foundation in the record and are contrary to the manifest weight of the evidence. *Francois v. Regional Board of School Trustees* (1981), 97 Ill. App. 3d 112, 424 N.E.2d 617, *appeal denied* (1981), 85 Ill. 2d 564; *Dugan's Bistro, Inc. v. Daley* (1977), 56 Ill. App. 3d 463, 371 N.E.2d 1116.

■ It is well established that mere evidence of office custom, standing alone without corroboration, is insufficient to establish a date of mailing. Rather, the law requires evidence of an office custom together with corroborating circumstances relevant to show that the custom has been followed. *Kocourek v. Bowling* (1981), 96 Ill. App. 3d 310, 313, 421 N.E.2d 397, *appeal denied* (1981), 85 Ill. 2d 565, citing *Commonwealth Edison Co. v. Property Tax Appeal Board* (1978), 67 Ill. App. 3d 428, 384 N.E.2d 504, *appeal denied* (1979), 74 Ill. 2d 585.

In the instant case, Mets' testimony falls far short of the corroborating circumstances requirement cited by the court in *Kocourek.* Further, because he was not the Gates employee responsible for preparing the appeal letter in question, he would not have been competent to testify as to the mailing particulars of the letter had he attempted to do so. We therefore conclude that the record lacks sufficient evidence to establish the existence of Saga's timely filed appeal, and that the adjudicator's determination became final as to the parties involved. Both the referee and the Board therefore lacked jurisdiction to reach the merits of Saga's appeal.

Based on the foregoing, the decision of the circuit court of Cook County is reversed and remanded with directions to dismiss defendant's appeal.

Reversed and remanded.

McGLOON and CAMPBELL, JJ., concur.