RONNIE CARROLL, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—07—2267

Opinion filed March 27, 2009.

J. Robert Robertson, P.C., Mark A. Pals, P.C., and Alicia Frostick, all of Kirkland & Ellis LLP, of Chicago, for appellant.

William P. Dewyer, of Power & Cronin, Ltd., of Oak Brook, for appellee Rexnord Industries, Inc.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Mary C. Labrec, Assistant Attorney General, of counsel), for other appellees.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:
Plaintiff Ronnie Carroll appeals the circuit court's dismissal of his complaint for administrative review of the decision rendered by the Board of Review (the Board) of the Illinois Department of Employment Security (IDES). The circuit court dismissed plaintiff's complaint because it was not timely filed within 35 days from the mailing of the Board's decision denying him unemployment insurance benefits.

On appeal, plaintiff argues his complaint for administrative review should not be dismissed because: (1) the ambiguous language of the

statute concerning the filing deadline should be construed to count business days rather than calendar days; (2) he was given vague information about the filing deadline and, thus, was denied due process; and (3) the evidence failed to establish when the Board actually mailed its decision. We affirm the circuit court's dismissal of plaintiff's complaint for administrative review.

## I. BACKGROUND

In early 2007, plaintiff applied for unemployment insurance benefits after his termination from Rexnord Industries. The IDES denied plaintiff's application. Plaintiff then appealed to the Board, which affirmed the denial of benefits.

The Board mailed its two-page decision to plaintiff at his last known address in Nevada. Near the bottom of the second page, a stamped date indicated that the decision was mailed on April 11, 2007, and a notice informed plaintiff that if he was aggrieved by the decision and wanted to appeal, he must "file a complaint for administrative review and have summons issued in circuit court within 35 days from the above mailing date" of April 11, 2007. The notice also listed as legal references the Unemployment Insurance Act (820 ILCS 405/1100 *et seq.* (West 2006)) and the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2006)).

Acting *pro se*, plaintiff filed his complaint for administrative review on May 18, 2007, 37 days after the date of service of the Board's decision. The IDES, the Director of IDES, and the Board moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, pursuant to sections 2—619(a)(5), 3—102 and 3—103 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(5), 3—102, 3—103 (West 2006)). The motion argued that the court did not have jurisdiction to consider the complaint because it was not timely filed.

The affidavit of Peter Zaper, the Secretary of the Board, was attached to the motion. He stated that he supervised the preparation and mailing of Board decisions and had knowledge of the facts of the preparation and mailing of the decision to plaintiff. Zaper explained how decisions ready for distribution are stacked and assigned a future certain mailing date, which is entered into the Board's computer record-keeping system. The decisions are then stamped with the assigned mailing dates and duplicated as necessary to provide copies for distribution. On the morning of the mailing date, the decisions are transported to the mailing room for mailing that afternoon to all parties and representatives of record. A separate mailing/decision date is entered in the department's computer record-keeping system and also marked on the jacket of the Board's file. Zaper stated that he person-

ally checked the Board's case file and computer docket system, which indicated that the decision was mailed to plaintiff on April 11, 2007.

At the hearing on the motion held on July 10, 2007, the circuit court granted the motion to dismiss. Still acting *pro se*, plaintiff timely appealed the decision of the circuit court. Counsel was subsequently appointed to represent plaintiff.

## II. ANALYSIS

A motion to dismiss pursuant to section 2—619 of the Code admits the legal sufficiency of the plaintiff's complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). "Section 2—619 motions present a question of law, and we review rulings thereon *de novo*." *DeLuna*, 223 Ill. 2d at 59.

Defendants IDES, the Director of IDES, the Board, and Rexnord Industries argue that we cannot rely upon plaintiff's statement of the facts because his appellate brief contains documents not properly included in the record on appeal. Supreme Court Rule 329 provides that a party may supplement the record on appeal to include omissions or correct errors (210 Ill. 2d R. 329), but the rule allows the record to be supplemented only with evidence that was actually before the circuit court (*Jones v. Ford Motor Co.*, 347 Ill. App. 3d 176, 180 (2004)). Accordingly, we limit our analysis to the documents properly included in the record on appeal.

Defendants also argue that plaintiff failed to preserve his current arguments on appeal because the record fails to show that he presented those arguments to the circuit court. Plaintiff concedes that he was unable to obtain a record of the hearing that took place on July 10, 2007. He also failed to obtain a bystander's report of that hearing. However, it is settled law that the forfeiture of an argument operates as a limitation on the parties and not as a limitation upon the jurisdiction of this court. *Hux v. Raben*, 38 Ill. 2d 223, 224 (1967). Furthermore, when a court has all the evidence before it that it needs to decide the issues raised on appeal, the court may review the case despite the incompleteness of the record. *Cambridge Engineering, Inc. v. Mercury Partners 90 BI, Inc.*, 378 Ill. App. 3d 437, 446 (2007). Therefore, we will address plaintiff's arguments on appeal.

### A. Filing Requirements Under the Administrative Review Law

In Illinois, review of an administrative decision may only be obtained by a statutory provision, whereas review of circuit court decisions is guaranteed by the state's constitution. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007). Section 1100 of the Unemployment Insurance Act provides that Board decisions are

reviewed in accordance with the Administrative Review Law. 820 ILCS 405/1100 (West 2006). The Administrative Review Law is codified as article III of the Code. 735 ILCS 5/3—101 *et seq.* (West 2006). Under that law, parties to a proceeding before an administrative agency are barred from obtaining judicial review of the agency's decision unless review is sought "within the time and in the manner" provided by the statute. 735 ILCS 5/3—102 (West 2006). If the statutory procedures are not strictly followed, the circuit court does not have jurisdiction to hear the case. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 350 (2006).

■ Section 3—103 of the Code provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3—103 (West 2006). The 35-day period begins to run upon the date that the decision was mailed. *Nudell v. Forest Preserve District*, 207 Ill. 2d 409, 420 (2003). Furthermore, section 3—103 is read in the context of the governing Statute on Statutes. *Rodriguez*, 218 Ill. 2d at 351. Section 1.11 of the Statute on Statutes states:

> "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded." 5 ILCS 70/1.11 (West 2006).

The 35-day time limit required by the Administrative Review Law is an essential element of one's statutory right to seek judicial review and therefore is a jurisdictional requirement that cannot be waived. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 212 (1985). Here, the affidavit of Board Secretary Zaper stated that the Board's file and computer docket system showed that it mailed its decision on April 11, 2007. Applying the 35-day time limit, plaintiff's deadline to file his complaint for administrative review was May 16, 2007, but he filed his complaint on May 18, 2007.

On appeal, plaintiff argues that the 35-day deadline in section 3—103 is vague because it does not define whether days should be counted as either business or calendar days for purposes of calculating the deadline. He argues that this vagueness necessitates application of section 1—106 of the Code, which states that the "Act shall be liberally construed, to the end that controversies may be speedily and

finally determined according to the substantive rights of the parties." 735 ILCS 5/1—106 (West 2006). Plaintiff contends it was reasonable for him, as a *pro se* litigant, to interpret the 35-day time period to exclude days when the court is not open. Further, he contends that section 1.11 of the Statute on Statutes is likewise ambiguous because it does not expressly state whether intervening weekends count when computing a filing deadline.

Statutory construction is a matter of law and, thus, reviewed *de novo*. *Quad Cities Open, Inc. v. City of Silvis*, 208 Ill. 2d 498, 508 (2004). When construing a statute, a court should look to the plain language of the statute to ascertain and give effect to the intent of the legislature. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397 (1994). We must read the statute in the manner in which it was written and must not read into it exceptions, limitations or conditions that are not already there. *Ultsch*, 226 Ill. 2d at 190.

We find that section 3—103 of the Code, which is read in the context of the governing Statute on Statutes, is not ambiguous. Statutory construction instructs that the enumeration of one thing in a statute implies the exclusion of all others. *Baker v. Miller*, 159 Ill. 2d 249, 260 (1994). Here, section 1.11 of the Statute of Statutes expressly limits the list of days excluded from a deadline computation to the first day, the last day that falls on a weekend or holiday, and the day succeeding such weekend or holiday. Section 1.11, however, does not list intervening weekends among those exceptions. Furthermore, courts have construed the Statute on Statutes to mean that weekends and holidays are excluded from a deadline computation only if they fall on the last day of the filing time period. *Rodriguez*, 218 Ill. 2d at 351; *In re Application of the County Treasurer & ex officio County Collector*, 26 Ill. App. 3d 753, 764-65 (1975). Thus, intervening weekends are counted in calculating the 35-day deadline within which a plaintiff must file his complaint under section 3—103 of the Code.

Because the language of section 3—103 of the Code is clear and unambiguous, we enforce it as written and do not employ other sources as aids in its interpretation. *Waliczek v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 318 Ill. App. 3d 32, 35-36 (2000). Moreover, when a statute is unambiguous, the provisions of section 1—106 of the Code, which encourages its liberal construction, will not be applied to aid in any further interpretation. *Ultsch*, 226 Ill. 2d at 189-90; see also *Nudell*, 207 Ill. 2d at 423 (even a liberal construction of one's right to appeal cannot confer subject matter jurisdiction upon a court when a complaint is not timely filed under section 3—103).

Plaintiff cites federal court cases that excused the untimely manner in which *pro se* litigants filed complaints for judicial review of

administrative decisions through a finding of good cause. See *Walls v. Merit Systems Protection Board*, 29 F.3d 1578 (Fed. Cir. 1994); *Knox v. Department of the Navy*, 66 M.S.P.R. 669 (1995); *Velarde v. Department of Veterans Affairs*, 72 M.S.P.R. 110 (1996). Those cases, however, are not relevant because the regulations that govern litigation before the Merit Systems Protection Board allow a judge to waive the appeal deadline based upon a party's showing of good cause. *Phillips v. United States Postal Service*, 695 F.2d 1389, 1391 (Fed. Cir. 1982). Furthermore, this court has consistently held that equitable defenses do not apply to jurisdictional determinations. *Van Milligen v. Department of Employment Security*, 373 Ill. App. 3d 532, 542-43 (2007) (holding the court has no jurisdictional flexibility over an appeal when a statute both confers a substantive right and makes that right contingent upon a timely appeal); *Jenkins v. Lustig*, 354 Ill. App. 3d 193, 197 (2004) (accord).

■ Section 3—103 of the Code, which is read in the context of section 1.11 of the governing Statute on Statutes, is not ambiguous. Furthermore, jurisdiction is strictly contingent upon a timely appeal. Consequently, because plaintiff missed the filing deadline by two days, he did not file his complaint for administrative review in a manner capable of conferring jurisdiction upon the circuit court. Thus, the circuit court properly granted defendants' motion to dismiss plaintiff's complaint.

## B. Due Process

Plaintiff contends that his due process rights were violated because the statutes governing the appeal of administrative decisions did not specify that the 35-day period was computed by counting calendar days and, thus, failed to give him clear, reliable information regarding the appeal process. We disagree.

We review *de novo* whether a plaintiff's due process rights were violated. *Girot v. Keith*, 212 Ill. 2d 372, 379 (2004). There is no constitutional due process right to judicial review of an administrative decision. *Carver v. Nall*, 186 Ill. 2d 554, 563 (1999). Nevertheless, administrative proceedings are governed by due process requirements (*In re Abandonment of Wells Located in Illinois*, 343 Ill. App. 3d 303, 306 (2003)), and an appellant must receive fair and adequate notice of a final administrative decision (*Barry v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 357 Ill. App. 3d 749, 763-64 (2005) (finding no fair or adequate notice where the agency's misleading letters failed to notify the plaintiffs of the agency's adverse decision denying death benefits)).

■ Here, the Board clearly informed plaintiff that his application

for unemployment insurance benefits was denied. Furthermore, the Board informed him that if he wanted to appeal the decision, he must file his complaint in the circuit court within 35 days of April 11, 2007. Consequently, there is no due process violation merely because the Board did not calculate the exact due date for plaintiff or warn him to count calendar days when computing the 35-day period. The record establishes that plaintiff failed to timely file his complaint for administrative review after he received fair and adequate notice of the Board's final decision. There is no due process violation when a claim is terminated for failure to adhere to reasonable procedural restraints. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 71 L. Ed. 2d 265, 279, 102 S. Ct. 1148, 1158 (1982); see also *Van Milligen*, 373 Ill. App. 3d at 543 (finding no violation of due process when the claimant did not comply with the procedural rules of the Administrative Review Law).

## C. Sufficiency of the Evidence of the Mailing Date

Plaintiff argues the Board failed to meet its burden to prove the decision was actually mailed on April 11, 2007, contending the affidavit of Board Secretary Zaper did not establish that he had any personal knowledge or recollection concerning service of the decision.

An administrative agency bears the burden of establishing that a petition for judicial review under the Administrative Review Law was filed more than 35 days after the notice of its decision was served. *Russell v. Board of Education of the City of Chicago*, 379 Ill. App. 3d 38, 44 (2008). A mailing may be proved by evidence of office custom plus some corroborating circumstances relevant to show the custom was followed in the particular instance. *Kocourek v. Bowling*, 96 Ill. App. 3d 310, 312-13 (1981); *Commonwealth Edison Co. v. Property Tax Appeal Board*, 86 Ill. App. 3d 414, 417 (1980). Corroborating evidence includes an affidavit from people responsible for mailing the decisions that shows they had personal knowledge of the decision in issue. *Saunders v. Department of Public Aid*, 198 Ill. App. 3d 1076, 1082 (1990). However, direct testimony from the person who actually performed the mailing is not necessary if corroborating circumstances are otherwise sufficient. *First National Bank of Antioch v. Guerra Construction Co.*, 153 Ill. App. 3d 662, 668 (1987); *Commonwealth Edison Co.*, 86 Ill. App. 3d at 417.

Defendants do not bear the burden of proving a mailing date beyond a reasonable doubt, but rather must show that it is more probable than not that the mailing occurred on a specific date. *Saunders*, 198 Ill. App. 3d at 1082. The circuit court examines the affidavits concerning the mailing, and if a material and genuinely disputed ques-

tion of fact remains, then evidentiary testimony must be taken. *Commonwealth Edison Co. v. Property Tax Appeal Board*, 67 Ill. App. 3d 428, 431 (1978). We will reverse a circuit court's determination regarding whether the Board satisfied its burden to prove a mailing only if it is contrary to the manifest weight of the evidence. *Kocourek*, 96 Ill. App. 3d at 314.

■ Here, Zaper's affidavit established both the IDES's custom of mailing the Board's final decisions and Zaper's personal knowledge that the custom was followed when the decision was mailed to plaintiff. Specifically, Zaper referenced office records over which he had control and stated that he personally checked the Board's case file, where dates of mailings are stamped, and the Board's computer docket system to confirm that the decision was mailed to plaintiff on April 11, 2007. Although Zaper did not personally remember the decision or remember preparing it to be mailed, he relied on business records for evidence of the mailing. Furthermore, although plaintiff's failure to locate the envelope in which his decision was mailed is not dispositive of this issue, the absence of such evidence may be considered in a court's determination that a defendant satisfied its evidentiary burden. *Saunders*, 198 Ill. App. 3d at 1082-83.

Defendants established the mailing custom of the Board and presented evidence of corroborating circumstances to show that the custom was followed when the Board mailed the decision to plaintiff. Thus, the circuit court's finding that defendants satisfied their burden to prove that the decision at issue was mailed on April 11, 2007, was not against the manifest weight of the evidence.

## III. CONCLUSION

For the reasons stated, we affirm the circuit court's decision to grant defendants' motion to dismiss plaintiff's complaint for administrative review.

Affirmed.

FITZGERALD SMITH, P.J., and TOOMIN, J., concur.