# Illinois Official Reports

## Appellate Court

---

*American Federation of State, County & Municipal Employees (AFSCME), Council 31 v. Illinois Labor Relations Board, Local Panel*, 2017 IL App (1st) 160960

---

| | |
|---|---|
| Appellate Court Caption | AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES (AFSCME), COUNCIL 31, Petitioner, v. THE ILLINOIS LABOR RELATIONS BOARD, LOCAL PANEL, THE SHERIFF OF COOK COUNTY, and THE COUNTY OF COOK, Respondents (Metropolitan Alliance of Police, Chapter 438, Intervenor). |
| District & No. | First District, Sixth Division<br>Docket Nos. 1-16-0960, 1-16-2034 cons. |
| Filed | May 26, 2017 |
| Decision Under Review | Petition for review of order of the Illinois Labor Relations Board, Local Panel, No. L-UC-15-003. |
| Judgment | No. 1-16-0960 reversed; No. 1-16-2034 vacated. |
| Counsel on Appeal | Cornfield & Feldman, LLP, of Chicago (Gail E. Mrozowski, of counsel), for petitioner.<br><br>Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Sharon A. Purcell, Assistant Attorney General, of counsel), for respondents. |

| Panel | JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1    The American Federation of State, County, and Municipal Employees (AFSCME), Council 31 represented Cook County department of corrections sergeants in a bargaining unit. On September 24, 2014, AFSCME filed a unit clarification petition seeking to include in the bargaining unit eight employees of Cook County and the Sheriff of Cook County (Sheriff) who had been assigned to the electronic monitoring unit (EM) at the Cook County jail. On November 6, 2014, the executive director of the Illinois Labor Relations Board (Board) issued a unit clarification certification order including EM sergeants in the bargaining unit represented by AFSCME.

¶ 2    Under the Board's rules, the parties had 10 days to appeal the executive director's order to the Board. 80 Ill. Adm. Code 1200.135(a)(1), adopted at 27 Ill. Reg. 7365 (eff. May 1, 2003). After the 10 days had passed and no appeal had been filed, the Metropolitan Alliance of Police (MAP) informed the Board, via e-mail, that it had already represented the EM sergeants in a bargaining unit. The executive director then revoked AFSCME's certification, without any prior notice to AFSCME, and reopened proceedings on AFSCME's unit clarification petition. AFSCME appealed the revocation order to the Board, arguing that the executive director did not have the authority to revoke the certification after the time for an appeal had passed and, even assuming that such authority did exist, the executive director did not afford AFSCME due process prior to issuing the revocation order. MAP was granted leave to intervene.

¶ 3    The Board determined that two overriding issues needed to be addressed: (1) whether the executive director had the authority to revoke its earlier certification of AFSCME as the collective bargaining representative for the EM sergeants and reopen proceedings on AFSCME's unit clarification petition and, if so, (2) whether the unit clarification petition filed by AFSCME should be dismissed for failure to comply with Board rules establishing the criteria for filing such a petition.

¶ 4    The Board bifurcated the issues. In appellate court case No. 1-16-0960, the Board entered an order on March 9, 2016, affirming the executive director's revocation order, finding that the executive director had the authority to revoke its earlier certification of AFSCME and reopen proceedings on AFSCME's unit clarification petition. In appellate court case No. 1-16-2034, following a hearing, the Board entered an order on June 29, 2016, dismissing the unit clarification petition filed by AFSCME because it was untimely and it failed to satisfy any of the criteria established by the Board's rules for the filing of such a petition.

¶ 5    AFSCME directly appealed both orders to the appellate court pursuant to section 11(e) of the Illinois Public Labor Relations Act (Act) (5 ILCS 315/11(e) (West 2012)), and the appeals were consolidated. For the reasons that follow, we reverse the order entered in appellate court case No. 1-16-0960 and vacate the order entered in appellate court case No. 1-16-2034.

¶ 6                    I. AFSCME's Appeal in Appellate Court Case No. 1-16-0960

¶ 7        AFSCME directly appeals to the appellate court from the March 9, 2016, order of the Board affirming the executive director's order revoking its earlier certification of AFSCME and reopening proceedings on AFSCME's unit clarification petition. On appeal, AFSCME argues that the revocation order exceeded the executive director's statutory authority. Our review is *de novo*. *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 603 (2008).

¶ 8        An administrative agency, such as the Board, exercises purely statutory powers, meaning it only has those powers specifically conferred on it by statute. *Board of Education of Mundelein Elementary School District No. 75 v. Illinois Educational Labor Relations Board*, 179 Ill. App. 3d 696, 702 (1989). Consistent with this principle, we have held that an administrative agency may allow rehearing, or modify or alter its decisions, only where authorized to do so by statute. *Id.* (holding that the Illinois Educational Labor Relations Board had no authority to reconsider a previous order and to issue a revised order requiring the school district to engage in mandatory bargaining in the absence of any statutory authority to reconsider its orders); *People ex rel. Olin Corp. v. Department of Labor*, 95 Ill. App. 3d 1108 (1981) (holding that, in the absence of statutory authority, the director of the Illinois Department of Labor could not, on his own initiative, withdraw his own order entered three months earlier and direct that a hearing be held on an issue not appealed by the parties to the order).

¶ 9        In the present case, the Act (5 ILCS 315/1 *et seq.* (West 2012)) is the relevant statute conferring powers on the Board. The Act presents a comprehensive scheme governing labor relations in the public sector, pursuant to which a labor organization may petition the Board to become the exclusive representative of a unit of public employees for the purpose of collective bargaining. *Department of Central Management Services v. American Federation of State, County & Municipal Employees (AFSCME)*, 298 Ill. App. 3d 640, 643-44 (1998); 5 ILCS 315/9 (West 2012). The Board is the agency charged with responsibility for administering and enforcing the Act (*City of Freeport v. Illinois State Labor Relations Board*, 135 Ill. 2d 499, 507 (1990)) and may employ an executive director to help perform its functions. 5 ILCS 315/5(g) (West 2012).

¶ 10       To carry out its policy and purposes, the Act and the Board rules contain numerous provisions governing the representation process. See 5 ILCS 315/9 (West 2012); 80 Ill. Adm. Code 1210. In pertinent part, the Act provides for the Board to process unit clarification petitions, in which public employers or unions seek to add or remove positions from existing collective bargaining units. 5 ILCS 315/9(a-6) (West 2012). Section 1210.170 of the Board's rules addresses unit clarification procedures. 80 Ill. Adm. Code 1210.170 (2003).

¶ 11       The Board's rules provide that where, as here, the executive director enters an order clarifying a bargaining unit pursuant to a unit clarification petition, the parties may appeal the order to the Board within 10 days. 80 Ill. Adm. Code 1200.135(a)(1), adopted at 27 Ill. Reg. 7365 (eff. May 1, 2003). The Act provides that, once the Board enters a final order on the unit clarification petition, judicial review may be obtained in accordance with the Administrative Review Law. See 5 ILCS 315/11(e) (West 2012); *City of Evanston v. Illinois State Labor Relations Board*, 227 Ill. App. 3d 955, 965-68 (1992).

¶ 12       In the present case, the executive director entered an order certifying AFSCME as the bargaining representative for the EM sergeants pursuant to a unit clarification petition, and no appeal was taken to the Board. After the time for an appeal had passed, the executive director

revoked AFSCME's certification, based on an e-mail request from MAP that claimed the order was entered in error and without giving prior notice of the revocation to AFSCME. However, there is no express provision anywhere in the Act or anywhere in the Board's rules allowing the executive director, in the same case in which it certified a union as the bargaining agent for certain public employees, to reconsider the order and revoke its prior certification of the union after the time for an appeal has passed.

¶ 13    The Board argues, though, that the executive director had the *implied* authority under the Act to revoke AFSCME's certification and cites *O'Grady v. Cook County Sheriff's Merit Board*, 260 Ill. App. 3d 529 (1994), and *Gersch v. Department of Professional Regulation*, 308 Ill. App. 3d 649 (1999), for the proposition that an agency's authority may derive by fair implication and intendment from the express provisions of the Act as an incident to achieving the objectives for which the agency was created. The Board contends the executive director's implicit power to revoke the certification order is derived from the objectives for which the Act was passed, namely, to regulate labor relations between public employers and employees and to "provide peaceful and orderly procedures for protection of the rights of all" (5 ILCS 315/2 (West 2012)).

¶ 14    Specifically, the Board contends the executive director had the implied power to revoke AFSCME's certification because "the certification of AFSCME in this case threatened to disrupt orderly bargaining and conduct of business, and it fanned conflict between opposing unions. *** Failure to revoke it to allow a full factual investigation into the employees' bargaining unit placement threatened to subject them to turmoil over which union represented them for those purposes. And it threatened to place the Sheriff in the position of committing an unfair labor practice by choosing which union to bargain with concerning its employees' terms and conditions of employment. *** Accordingly, the [executive director] promptly acted to begin untangling the question of the employees' representation before confusion became disruptive of the collective bargaining process."

¶ 15    Thus, the Board's argument indicates that unless the executive director exercised an implied power to revoke AFSCME's certification, the collective bargaining process would have been disrupted in violation of the purposes of the Act. However, the Board's argument regarding the necessity of exercising an implied power of revocation is not well taken because the Act *expressly* provides methods of untangling the question of the employees' representation before the collective bargaining process is disrupted. Specifically, the Act provides (1) the Sheriff may file a petition alleging both AFSCME and MAP have presented a claim that they be recognized as the representative of the EM sergeants or (2) the Sheriff, AFSCME, or MAP may file a *new* unit clarification petition seeking to clarify the appropriate bargaining unit for the EM sergeants. See 5 ILCS 315/9(a)(2), (a-6) (West 2012). Under either of these proceedings, AFSCME's certification may be reconsidered and, if necessary, revoked.

¶ 16    Both of these proceedings have an important advantage over the implied revocation action taken by the executive director here. Namely, they would allow for notification to all parties and an opportunity for them to be heard *prior* to revocation, thereby alleviating any potential procedural due process issues. See *Carroll v. Department of Employment Security*, 389 Ill. App. 3d 404, 410 (2009) (administrative proceedings are governed by due process requirements).

¶ 17    In conclusion, we hold that the parties must comply with the express provisions of sections 9(a)(2) and 9(a-6) of the Act for reviewing AFSCME's certification; if the legislature wished

to allow review and revocation of the certification order in another way, such as the method employed by the executive director here, it would have stated as much. See *Sharp v. Board of Trustees of the State Employees' Retirement System*, 2014 IL App (4th) 130125, ¶¶ 25-26 (declining to find implied authority for the Board of Trustees of the State Employees' Retirement System (SERS) to fix errors in its pension calculations, holding that the legislature clearly knew how to grant a pension board the authority to fix errors in its pension calculations and that, had the legislature intended SERS to have this authority, "surely it would have stated as much").

¶ 18    Accordingly, we reverse the Board's March 9, 2016, order affirming the executive director's order revoking AFSCME's certification and reopening proceedings on AFSCME's unit clarification petition.

¶ 19                    II. AFSCME's Appeal in Appellate Court Case No. 1-16-2034

¶ 20    AFSCME appeals the Board's June 29, 2016, order dismissing the unit clarification petition for being untimely and for failing to satisfy the criteria established by the Board in section 1210.170 of its rules (80 Ill. Adm. Code 1210.170 (2003)) for the filing of such a petition.[1]

¶ 21    "An administrative agency is analogous to a court of limited jurisdiction and can act only pursuant to the authority conferred on it by statute." *Pickering v. Human Rights Comm'n*, 146 Ill. App. 3d 340, 352 (1986). As the executive director lacked the authority and, thus, the jurisdiction to revoke AFSCME's certification and reopen proceedings on AFSCME's unit clarification petition, the resulting order dismissing the unit clarification petition was void. See *Babcock v. Wallace*, 2012 IL App (1st) 111090, ¶ 14 (a judgment or order is void where it is entered by an agency lacking jurisdiction). Accordingly, we vacate the order dismissing AFSCME's unit clarification petition for lack of jurisdiction.

¶ 22    For the foregoing reasons, we reverse the Board's March 9, 2016, order in appellate court case No. 1-16-0960 and vacate the Board's June 29, 2016, order in appellate court case No. 1-16-2034.

¶ 23    No. 1-16-0960 reversed; No. 1-16-2034 vacated.

---

[1]As a result of our disposition of this case, we need not discuss the section 1210.170 criteria.