2020 IL App (1st) 192493-U
Order filed November 6, 2020

FIRST DISTRICT
FIFTH DIVISION

1-19-2493

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| *ex rel.* ILLINOIS DEPARTMENT OF LABOR, | ) | Circuit Court of |
| | ) | Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | No. 2018-CH-13483 |
| v. | ) | |
| | ) | |
| SNOOKERS SPORTS BAR AND GRILL, INC., | ) | |
| an Illinois Corporation, and ROBERT KOZEL, | ) | |
| jointly and individually, | ) | Honorable |
| | ) | Michael T. Mullen, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justice Hoffman and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1     *Held*: We struck defendant's appellant's brief and dismissed its appeal for multiple violations of Rule 341(h) that hindered our review.

¶ 2     Della Haynes Varga filed a wage claim with the Illinois Department of Labor (Department) alleging that her former employer, Snookers Sports Bar and Grill (Snookers) violated the Illinois

Wage Payment and Collection Act (Act) (820 ILCS 115/1 (West 2018)) by failing to compensate her for outstanding wages. Following a hearing, the Department entered an order in January 2018 requiring Snookers to pay Varga $7,947.81. When Snookers failed to make any payments to Varga or seek judicial review, the Department filed a petition in the circuit court for an order requiring Snookers to pay Varga the amounts owed plus statutory penalties under section 14 of the Act for its delay in compensating her. The circuit court granted summary judgment for the Department and against Snookers in November 2019 in the amount of $45,855.96, which consisted of the $7,947.81 that the Department ordered Snookers to pay in January 2018 plus statutory penalties under section 14 of the Act for Snookers' almost two-year delay in complying with the order and compensating her. On appeal, Snookers argues that the statutory penalties violated the eighth amendment. We strike Snookers' appellant's brief and dismiss its appeal for failure to comply with Illinois Supreme Court Rule 341(h) (eff. May 25, 2018).[1]

¶ 3       First, we set forth the relevant provisions of the Act. The Act directs that "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5 (West 2018). "Final compensation" includes outstanding wages and "any other compensation owed the employee by the employer pursuant to an employment contract or agreement." *Id.* § 2.

¶ 4       If an employer violates the Act, the employee may pursue her own claim or file a wage claim complaint with the Department, which is "authorized to assist any employee and act on [her]

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

behalf in the collection of wages or final compensation due [her]." *Id.* § 6. One way for the Department to do so is by holding an administrative hearing, which may result in a final decision directing the employer to pay the final compensation plus a penalty of 2% of the underpayment per month and an administrative fee. *Id.* § 11(d), § 14(a), § 14(b).

¶ 5     If the employer does not comply with the final administrative decision within 35 days or file a timely complaint for judicial review in the circuit court, the Department may file a verified petition in the court "to enforce the final administrative decision and to collect any amounts due in connection therewith." *Id.* § 11(d). If the court rules in favor of the Department, it may order the employer to pay the employee the amount determined by the Department in its final administrative decision, plus the 2% monthly penalty and a daily penalty of 1% of the underpayment until payment is made. *Id.* § 14. The court may also order the employer to pay a penalty to the Department of 20% of the amount found owing. *Id.*

¶ 6     Next, we set forth the relevant facts in this case. In 2016, Varga worked as a manager and bartender for Snookers. After separating from her employment in August 2016, she filed her wage claim with the Department, alleging that Snookers owed her wages for 588 hours of work as a manager and 24 hours as a bartender, as well as $1,045 for monies that it had deducted from her pay to cover cash register shortages.

¶ 7     In January 2018, an Administrative Law Judge (ALJ) from the Department held a hearing on Varga's claim. Varga appeared at the hearing and testified in support of her claim, but Snookers failed to appear. On January 29, 2018, the ALJ entered an order defaulting Snookers for failing to appear at the hearing even though it had been duly notified. On the merits, the ALJ concluded that Snookers violated the Act by failing to pay Varga final compensation for 588 hours worked as a manager at the rate of $8.25 per hour (a total of $4,851) and by deducting $1,045 from her pay

without authorization. The ALJ ordered Snookers to pay Varga $5,896 ($4,851 + $1,045) plus the statutory 2% monthly penalty of $2,051.81, for a total of $7,947.81. The payment due date was March 5, 2018. If payment was not made by March 5, 2018, Snookers would be subject to the 20% penalty of $1,179.20 plus the daily 1% penalty of $58.96 until payment was made. The ALJ also ordered Snookers to pay the Department a $500 administrative fee for conducting the hearing. No award was made for Varga's unpaid hours of work as a bartender because Varga failed to establish that there was an agreement between the parties as to the pay she would receive for such work.

¶ 8    The ALJ's order stated that it was the Department's final administrative decision within the provisions of the Administrative Review Law and was subject to judicial review in accordance with section 3-101 of the Code of Civil Procedure (735 ILCS 5/3-101 (West 2018)). The ALJ informed the parties that they had 15 days to file a motion to reconsider.

¶ 9    On February 7, 2018, Snookers timely filed a motion for reconsideration which the Department denied on March 16, 2018. Snookers did not seek judicial review or make any payments to Varga as ordered by the Department.

¶ 10    On October 29, 2018, the Department filed a verified petition in the circuit court pursuant to sections 6, 11, and 14 of the Act (820 ILCS 115/6, 115/11, and 115/14 (West 2018)) to enforce its January 29, 2018, decision ordering Snookers to pay Varga $7,947.81 and to pay the Department a $500 administrative fee. The Department also asked the court to impose additional statutory penalties under section 14 of the Act including 2% per month of the amount of wages that Snookers owed Varga from the date wages were due to the date of the court's order, as well as 1% per day of the amount of wages owed for the same time period.

¶ 11    The Department filed a motion for summary judgment. In response, Snookers cursorily argued in pertinent part that the statutory penalties of 1% per day and 2% per month violated the

eighth amendment, although it cited no relevant authority in support thereof. On November 7, 2019, the circuit court granted summary judgment in favor of the Department and against Snookers in the amount of $45,855.96, which represented the amount that the Department had ordered Snookers to pay in the January 2018 order plus the 20% penalty for failing to timely comply with the Department's order, and the 1% daily penalty and the 2% monthly penalty. Snookers appeals the November 7, 2019, summary judgment order, contending that the circuit court erred in rejecting its eighth amendment challenge to the penalties imposed against it under the Act.

¶ 12    Upon review, we find that Snookers' appellant's brief fails to conform with several provisions of Illinois Supreme Court Rule 341(h) (eff. May 25, 2018), thereby hindering our review and necessitating dismissal of its appeal. Rule 341 governs the form and contents of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Compliance with Rule 341 is mandatory. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18. Where an appellant's brief contains numerous Rule 341 violations that impedes our review of the case, we may strike the brief and dismiss the appeal (*id.*), as we are "not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986).

¶ 13    First, Snookers' appellant's brief violates Rule 341(h)(5), which provides that in a case involving the construction or validity of a statute, the appellant must provide the pertinent parts of the provision verbatim, with a citation of the place where it may be found, under an appropriate heading such as "Statutes Involved." Ill. S. Ct. R. 341(h)(5). Here, Snookers argues that the Act's 1% daily penalty provision and 2% monthly penalty provision are invalid as they violate the eighth amendment, yet it never presents the pertinent provisions of the Act verbatim under an appropriate heading as required by Rule 341(h)(5).

¶ 14    Snookers' appellant's brief also fails to comply with Rule 341(h)(6), which requires that the appellant must provide a statement of facts containing the facts necessary to an understanding of the case, with appropriate references to the pages of the record on appeal. Ill. Sup. Ct. R. 341(h)(6). Snookers' appellant's brief omitted much of the procedural history of this case and failed to cite to the record on appeal as required by Rule 341(h)(6).

¶ 15    Snookers' appellant's brief fails to comply with Rules 341(h)(2) and (h)(3), which provide that the appellant must provide a statement of the issues on review and include a concise statement of the applicable standard of review for each issue. Ill. Sup. Ct. R. 341(h)(2), (h)(3). Snookers failed to include a separate section with a statement of the issues on review, making it unclear as to whether Snookers is asserting a facial or an as-applied eighth amendment challenge. Snookers also failed to include a statement of the standard of review for either such challenge.

¶ 16    Finally, Snookers' appellant's brief fails to comply with Rule 341(h)(7), which requires that the appellant must provide argument with citation of the authorities and pages of the record relied on. Ill. Sup. Ct. R. 341(h(7). Snookers cursorily contends that the 2% monthly penalty and 1% daily penalty imposed on it under the Act violates the excessive fines provision of the eighth amendment, which states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." (U.S. Const., amend.VIII). Snookers' argument is that: "There exists no legal means by which an individual would be able to acquire interest of 1% per day. As such, the government should not create nor enforce such a penalty. The same can be said for the 2% per month penalty. These statutory penalties individually are excessive, combined, they are unconstitutional." However, Snookers cites no authority to show that this statement is correct or that the lack of comparable penalties outside of a violation of the Act renders the penalty provisions of the Act violative of the eighth amendment. Snookers cites no case law as to how to

analyze a claim under the excessive fines clause of the eighth amendment and cites no case law applying the excessive fines clause to the types of penalties involved here under the Act. The one case that Snookers cites that purportedly shows that the penalties here are unconstitutional, *Timbs v. Indiana*, 139 S. Ct. 682 (2019), holds only that the eighth amendment's excessive fines clause is an incorporated protection applicable to the States under the fourteenth amendment's due process clause, but it in no way addresses whether the penalties here imposed under the Act violate the eighth amendment. Snookers again does not cite to the record on appeal when making its argument. In short, Snookers offers virtually no analysis in support of its eighth amendment argument in violation of Rule 341(h)(7).

¶ 17    Snookers cursorily states in the final paragraph of its appellant's brief that "the statutory post-judgment rate of nine (9%) percent *** should be the only interest applied to the judgment." Snookers has again failed to cite to the statute or to any authorities in support of this argument in violation of Rule 341(h)(7).

¶ 18    The Department has filed an appellee's brief asking us to strike Snookers' appellant's brief and dismiss its appeal for failing to comply with Rule 341(h). In response, Snookers filed a reply brief containing four short paragraphs repeating its cursory argument (without citation to the record or any relevant authorities) that the 1% daily penalty and 2% monthly penalty imposed against it under section 14 of the Act violate the eighth amendment; the reply brief otherwise does not respond to the Department's argument that its appellant's brief should be stricken and its appeal dismissed for its multiple failures to comply with Rule 341(h).

¶ 19    As recounted, Snookers has committed multiple violations of Rule 341(h) in its appellant's brief that has impeded our review of the case. Accordingly, we strike Snookers' appellant's brief and dismiss its appeal.

¶ 20    Before concluding, we note that in the last sentence of its appellant's brief, Snookers prays that "this Court find that the [Department] be ordered to reopen the hearing due to [its owner's] medical condition at the time of the original [hearing] scheduled on January 25, 2018." Snookers failed to timely seek judicial review under the Administrative Review Law of the Department's January 2018 decision in favor of Varga, and therefore we lack jurisdiction to consider Snookers' belated appeal of that administrative decision more than two years later. See *Carroll v. Department of Employment Security*, 389 Ill. App. 3d 404, 408 (2009). Even if jurisdiction was not lacking, we would dismiss Snookers' appeal of the Department's January 2018 decision for the same reasons that we are dismissing its appeal of the circuit court's 2019 summary judgment order, specifically, that its one-sentence argument failed to comply with Rule 341(h).

¶ 21    Appellant's brief stricken; appeal dismissed.