2025 IL App (1st) 232230-U

No. 1-23-2230

Order filed February 14, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| EVA TRIPPLETT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 050203 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW, and FEDEX, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| (The Department of Employment Security, Director of | ) | |
| Employment Security, and The Board of Review, | ) | Honorable |
| | ) | Patrick T. Stanton, |
| Defendants-Appellees.) | ) | Judge, presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court's order dismissing plaintiff's untimely complaint for administrative review is affirmed.

¶ 2    Plaintiff Eva Tripplett appeals *pro se* from an order of the circuit court of Cook County dismissing as untimely her *pro se* complaint for administrative review of a decision of the Board of Review of the Department of Employment Security (Board). On appeal, Tripplett contends that the dismissal was improper because the circuit court failed to consider the merits of the case. We affirm.

¶ 3    On December 26, 2021, Tripplett filed a claim for unemployment insurance with the Department of Employment Security (Department) stating she had been "Discharged (Fired)" from her position at FedEx. On April 15, 2022, the Department mailed to Tripplett a claims adjudicator's determination that she was ineligible for benefits pursuant to section 602A of the Unemployment Insurance Act (820 ILCS 405/602A (West 2022) ("An individual shall be ineligible for benefits for the week in which he has been discharged for misconduct connected with [the individual's] work.")). Included was a notice that Tripplett could appeal within 30 days or until May 16, 2022. Tripplet filed her appeal on June 23, 2022.

¶ 4    On November 3, 2022, a Department referee concluded that Tripplett's appeal was untimely and dismissed for lack of jurisdiction. On March 6, 2023, the Board affirmed and mailed its decision to Tripplett's last known address. The Board's decision contained a notice that, to appeal, a complaint for administrative review must be filed in the circuit court within 35 days of the mailing date.

¶ 5    Tripplett filed a *pro se* complaint for administrative review in the circuit court on April 17, 2023. The Board filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Tripplett failed to timely file the complaint. Tripplett responded, arguing that she should not be

held responsible for the untimely filing because she relied on her attorney. The circuit court granted the motion to dismiss.

¶ 6 On appeal, Tripplett argues that the circuit court erred by "failing to take legal interest in, not the fact that [the complaint] was filed untimely, but the broken mechanics throughout the administrative process." According to Tripplett, the circuit court did not address that the Department "began [taking] deductions" from her pension before the Board made its final determination and had "discretion" to deny the motion to dismiss if it found that her untimely filing involved "mitigating circumstances." Specifically, Tripplett posits that her attorney failed to appeal on her behalf.

¶ 7 "We review a circuit court's grant of a motion to dismiss based on a lack of subject matter jurisdiction *de novo*." *Green v. State*, 2023 IL App (1st) 220245, ¶ 17.

¶ 8 In Illinois, review of an administrative decision is governed by the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)). As the Administrative Review Law departs from common law, strict compliance is required to invoke it. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 179 (2007). Parties to a proceeding before an administrative agency are barred from obtaining judicial review of the agency's decision unless review is sought "within the time and in the manner" provided by the statute. 735 ILCS 5/3-102 (West 2022). If the statutory procedures are not strictly followed, the circuit court lacks jurisdiction. *Rodriguez v. Sheriff's Merit Commission*, 218 Ill. 2d 342, 350 (2006).

¶ 9 Pursuant to the Administrative Review Law, a party must file a complaint in the circuit court and cause summons to issue within 35 days from the date the final administrative decision sought to be reviewed was served upon that party. 735 ILCS 5/3-103 (West 2022); see also *Palos*

*Bank & Trust Co. v. Illinois Property Tax Board*, 2015 IL App (1st) 143324, ¶ 11. The 35-day period commences on the date that the decision was mailed. *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 422, 424 (2003).

¶ 10 Here, the Department's decision was mailed to Tripplett on March 6, 2023. See 56 Ill. Admin. Code § 300.1160(a), amended at 38 Ill. Reg. 18517 (eff. Aug. 22, 2014) ("[s]ervice shall be presumed to be accomplished upon mailing or emailing"). Thus, Tripplett had 35 days, or until April 10, 2023, to file a complaint for administrative review in the circuit court. See 735 ILCS 5/3-103 (West 2022); see also *Rodriguez*, 218 Ill. 2d at 351 (the "filing period" began on the date the administrative agency "mailed its decision").

¶ 11 Tripplett did not file a *pro se* complaint for administrative review in the circuit court until April 17, 2023. The 35-day period for filing a complaint for administrative review is a jurisdictional requirement. *Rodriguez*, 218 Ill. 2d at 350-51. As Tripplett did not file a complaint for administrative review within 35 days of the date that the Department's decision was mailed, her complaint was untimely and the circuit court lacked jurisdiction to consider it. See *Nudell*, 207 Ill. 2d at 422.

¶ 12 Tripplett argues that she should not be responsible for the untimely filing because her attorney failed to appeal on her behalf.[1] There are, however, no equitable tolling exceptions to an administrative review deadline. "The 35-day time limit required by the Administrative Review Law is an essential element of one's statutory right to seek judicial review and therefore is a jurisdictional requirement that cannot be waived." *Carroll v. Department of Employment Security*,

---

[1] The record does not reflect that any attorney filed an appearance on behalf of Tripplet in proceedings before the Department, Board, or circuit court.

389 Ill. App. 3d 404, 408 (2009); see also *Grimm v. Calica*, 2017 IL 120105, ¶ 18 (the 35-day period could not be tolled " 'in the interests of justice' " because " 'equitable tolling is inconsistent with the text of the [Administrative] Review Law' " (quoting *Van Milligen v. Department of Employment Security*, 373 Ill. App. 3d 532, 543 (2007))).

¶ 13    As Tripplett missed the filing deadline, her complaint for administrative review did not confer jurisdiction upon the circuit court. Therefore, the circuit court properly granted the Board's motion to dismiss Tripplett's complaint.

¶ 14    For the foregoing reasons, we affirm the circuit court's dismissal for lack of subject matter jurisdiction.

¶ 15    Affirmed.