2026 IL App (1st) 242302-U
No. 1-24-2302

SIXTH DIVISION
April 24, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| MONA ANTWAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 L 50294 |
| | ) | |
| ILLINOIS DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY, | ) | Honorable |
| | ) | John A. Simon, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order dismissing plaintiff's untimely complaint for administrative review is affirmed.

¶ 2    Plaintiff-Appellant, Mona Antwan, appeals *pro se* from an order of the circuit court of Cook County dismissing her *pro se* complaint for administrative review of an Illinois Department of Employment Security (Department). The circuit court dismissed for lack of

subject matter jurisdiction, finding that plaintiff failed to file her complaint by the 35-day statutory deadline under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2024)).

¶ 3       On appeal, Antwan challenges the dismissal of her action, arguing that she has been deprived of due process because, *inter alia*, she did not receive a copy of the Board of Review's final administrative decision denying her appeal before the administrative body until several months after it had been mailed. She asserts that dismissing her case was "unjust" where she lacked a copy of the final decision despite allegedly contacting the department several times regarding the status of the case over the course of a year. Antwan also argues that she was deprived of due process at the administrative level, claiming that she was denied an opportunity to meaningfully participate in her appeal due to the Department's failure to communicate procedural deadlines. Antwan ultimately seeks a reversal of the Department's benefits ineligibility determination, or, alternatively, a remand of the case for a rehearing where she may present additional evidence.

¶ 4       In a January 25, 2023 decision, following an evidentiary hearing, a Department referee determined that Antwan was not an unemployed individual between March 28, 2021 and May 29, 2021 and between July 4, 2021 and August 14, 2021 and was thus ineligible for unemployment insurance benefits for the same period.

¶ 5       On February 15, 2023, Antwan filed an appeal before the Department's Board of Review (Board). The Board reviewed the evidence and testimony submitted to the referee by the claimant, Antwan, and her employer, After School Matters, Inc. The Board denied the claimant's motion to supplement the record because it had not been served upon the employer.

¶ 6    Observing that the Illinois Unemployment Insurance Act provides that individuals are "deemed unemployed in any week with respect to which no wages are payable to [her] and during which [she] performs no services or in any week of less than full-time work if the wages payable to [her] with respect to such week are less than his weekly benefit amount," 820 ILCS 405/239 (West 2024), the Board found that the evidence submitted to the referee demonstrated that Antwan was not unemployed during the relevant weeks. The Board, therefore, affirmed the referee's decision. The Board's decision denying Antwan's appeal contains a heading indicating that it was mailed on July 17, 2023. The decision included a notice that Antwan could appeal the Board decision by filing a complaint for administrative review and issuing summons in the circuit court within 35 days of the decision's mailing date.

¶ 7    On May 28, 2024, over ten months after the Board issued its decision, Antwan filed her complaint for administrative review in the Circuit Court of Cook County. On the Department's motion, the trial court dismissed the appeal for lack of subject matter jurisdiction because the complaint was not filed within 35 days of service of the Board's decision. We affirm.

¶ 8    Review of the Board's decisions is governed by the Administrative Review Law. 820 ILCS 405/1100 (West 2024). Under the Administrative Review Law, actions to review a final administrative decision must be filed and summons issued within 35 days from the date the decision sought to be reviewed was served on the affected party. 735 ILCS 5/3-103 (West 2024). The 35-period runs from the date that the decision was mailed. See *Nudell v. Forest Preserve District*, 207 Ill.2d 409, 420 (2003); see also *Carroll v. Dept. of Employment Sec.*, 389 Ill. App. 3d 404, 408 (1st Dist. 2009) (dismissing administrative review complaint filed over 35 days after Department of Employment Security decision was mailed).

3

¶ 9        "The 35-day time limit required by the Administrative Review Law is an essential element of one's statutory right to seek judicial review and therefore is a jurisdictional requirement that cannot be waived." *Carroll*, 389 Ill. App. 3d at 408 (citing *Fredman*, 109 Ill. 2d at 212). Parties that fail to seek review of an administrative decision in accordance with the time and manner requirements of the Administrative Review Law "shall be barred from obtaining judicial review." 735 ILCS 5/3-102 (West 2024). Principles of equitable tolling are not applicable to the 35-day deadline for filing a complaint under the Administrative Review Law. See *Van Milligen v. Department of Employment Security*, 373 Ill. App. 3d 532, 542 (2nd Dist. 2007).

¶ 10        "[A]n administrative agency must bear the burden of establishing that a petition for judicial review under the Administrative Review Law was filed more than 35 days from the date it served its final decision." *Russell v. Board of Educ. of City of Chicago*, 379 Ill. App. 3d 38, 44 (1st Dist. 2007). Defendants do not need to prove a mailing date "beyond a reasonable doubt," but must show that "it is more probable than not that the mailing occurred on a specific date." *Carroll.*, 389 Ill. App. 3d at 411. "We will reverse a circuit court's determination regarding whether the Board satisfied its burden to prove a mailing only if it is contrary to the manifest weight of the evidence." *Id.* at 412.

¶ 11        Under the subchapter of the Illinois Administrative Code governing the Department of Employment Security, "[t]he date on the document shall be rebuttable evidence that it was mailed on that date." 56 Ill. Admin. Code § 2720.10(d) (eff. Oct. 24, 1994). Courts also presume the date on a letter notice is presumed to be the date of mailing. See *Summers v. Illinois Commerce Comm'n*, 58 Ill. App. 3d 933, 937 (4th Dist. 1978); *Grimm v. Calica*, 2017 IL 120105, ¶ 44 (Thomas, J., dissenting). "Proof of the date of the letter, then, establishes a

prima facie case of the date of mailing, thereby shifting the burden to the plaintiffs to prove that the letter was mailed later than the date." *Id*.

¶ 12     The Board's final decision contains the following header: "Date Mailed: 07/17/2023." The date on the order creates the rebuttable presumption that the final decision was mailed on July 17, 2023.

¶ 13     Antwan failed to rebut the presumption of mailing. In response to the Department's motion, Antwan made unverified assertions that she did not receive the July 2023 Board decision until April of 2024 when a Department worker emailed her a copy. Antwan made other unverified claims that the Department misinformed her about the status of her case when she contacted them on several occasions between July 2023 and April of 2024. Antwan attached exhibits to her response, including an April 25, 2024 email that she sent to a Department employee wherein she states that she did not receive certain letters from the Department. However, Antwan's unverified statements before the circuit court, or contained in her email to the Department, do not rebut the presumption of mailing. Antwan does not file an affidavit attesting that she did not receive the July 17, 2023 decision by mail.

¶ 14     "Service by mail is not invalid simply because a party denies receiving it." *Thompson v. Department of Employment Sec.*, 399 Ill. App. 3d 393, 395 (1st Dist. 2010) (citing *Esmail v. Department of Revenue*, 371 Ill. App. 3d 778, 784 (2nd Dist. 2007)). "If the proper giving of the notice can now be frustrated by the mere allegation of the defendant that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method." *Bernier v. Schaefer*, 11 Ill. 2d 525, 529 (1957).

¶ 15     In other cases, the production of an envelope by the plaintiff would serve to rebut the presumptive date of mailing. See, e.g., *Schlobohm v. Police Bd. Of City of Chicago*, 122

5

Ill.App.3d 541, 545 (1st Dist. 1984) ("A postmark placed by postal authorities on the envelope of a letter is some evidence that the letter was not placed with the post office until the day shown on the postmark"). Here, however, since plaintiff insists that she never received the final decision in the mail, she lacks documentary evidence to dispute the date of service. On the other hand, a plaintiff may still rebut the presumption of mailing by submitting an affidavit that denies receipt of the letter. Cf. *Kocourek v. Bowling*, 96 Ill. App. 3d 310, 312-13 (1st Dist. 1981) (plaintiff disputed date of mailing with counteraffidavit). Plaintiff provides neither documentary evidence, nor an affidavit denying receipt of the decision.

¶ 16　　　Antwan's argument relies entirely on an unsupported allegation that she did not receive the letter. Antwan does not explain or even speculate why she may not have received the final administrative decision. We note that the address on the Board decision is the same as Antwan's address as it is listed on her complaint, and further that Antwan represented to the trial court that she received "[e]very other notice" from the Department except the final decision.

¶ 17　　　Since Antwan's response failed to rebut the presumption of mailing, the circuit court properly relied on the presumption in determining the timeliness of the filing of her complaint. The court correctly determined that plaintiff's administrative review complaint, filed May 28, 2024, was filed more than 35 days from the presumptive date of mailing, July 17, 2023. Consequently, the circuit court lacked jurisdiction to review the Board's decision. We therefore affirm the circuit court's order dismissing plaintiff's action.

¶ 18　　　Whereas we find that the mailing date on the final decision is sufficient to carry the day for defendant in this case, we are discouraged by the total absence of corroborating evidence submitted by the Department. We share the reservations that other justices have expressed

regarding the presumption of mailing. See, e.g., *Summers*, 58 Ill. App. 3d at 938 (Craven, J., dissenting) ("Neither human experience nor familiarity with governmental habits persuades me that all official documents are mailed on the date that they are typed."); see also *Blessing Hospital v. Illinois Health Facilities and Services Review Bd.*, 2024 IL App (4th) 230282, ¶ 50. The Department presents no affidavit explaining their mailing practices, nor corroborating facts showing that their practices were followed, nor do they present any corroborating evidence that this final decision was actually mailed. Cf. *Kocourek v. Bowling*, 96 Ill. App. 3d at 313-14 (describing evidence by which an agency may prove mailing). Such evidence was unnecessary in this case, but it does not inspire confidence that the Board relies solely on a line of text of the final decision that plaintiff allegedly never received. It would have been helpful for the Department to submit either documentary evidence or sworn testimony to the circuit court to establish the date of mailing. Notwithstanding the absence of such evidence, with the record as it stands, we find for the Department because plaintiff failed to rebut the presumption that the Department mailed the decision on the mailing date listed on the face of the decision.

¶ 19    For the reasons stated, we affirm the trial court's order dismissing plaintiff's administrative review action.

¶ 20    Affirmed.